PEPPER HAMILTON LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276
Phone: (609) 452-0808
Fax: (609) 452-1147
Attorneys for Plaintiff
Eli Lilly and Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>  Plaintiff,<br><br>   v.<br><br>ACTAVIS ELIZABETH LLC, GLENMARK PHARMACEUTICALS, INC., USA, SUN PHARMACEUTICAL, INDUSTRIES LIMITED, SANDOZ INC., MYLAN PHARMACEUTICALS INC., APOTEX INC., AUROBINDO PHARMA LTD., TEVA PHARMACEUTICALS USA, INC., SYNTHON LABORATORIES, INC., ZYDUS PHARMACEUTICALS, USA, INC.,<br><br>  Defendants. | Civil Action No. 07-3770 (DMC) (MF) |

### [PROPOSED] ORDER GRANTING MOTION TO SEAL

**THIS MATTER** having come before the Court upon the motion of Plaintiff Eli Lilly and

Company ("Lilly") pursuant to Local Civil Rule 5.3(c) to seal (1) certain exhibits to the

Certification of Melissa A. Chuderewicz in Support of Lilly's Opposition To Defendants'

Motions for Summary Judgment of Non-Infringement, (2) Lilly's Response to Aurobindo's Local

Rule 56.1 Statement of Undisputed Material Facts In Support Of Its Motion For Summary

Judgment Of Non-Infringement, (3) Lilly Response to Mylan's Local Rule 56.1 Statement of

Undisputed Material Facts In Support Of Its Motion For Summary Judgment Of Non-

Infringement and (4) Lilly's Response to Sun's Local Rule 56.1 Statement of Undisputed

Material Facts In Support Of Its Motion For Summary Judgment Of Non-Infringement, and

confidential portions of (5) Lilly's Combined Memorandum of Law in Opposition to Aurobindo,

Mylan, and Sun's Motions for Summary Judgment of Non-Infringement, (6) Lilly's Combined

Counterstatement To Defendants' Local Rule 56.1 Statements of Material Facts In Support Of

Their Motions For Summary Judgment Of Non-Infringement, and (7) Lilly's Memorandum of

Law Concerning Claim Construction in Opposition to Sun's Motion for Summary Judgment of

Non-Infringement; and the Court having considered the written submissions of the parties; and

the Court having determined that this action involves allegations regarding the disclosure of

confidential and proprietary information, *and there being no opposition,* and for other and good cause having been shown,

### FINDINGS OF FACT

1.  The materials that Lilly seeks to seal contain information designated by Defendants or

    Lilly in this matter as "Confidential" under the Protective Order, entered in this matter on

    August 6, 2008.

2.  This is a complex pharmaceutical patent infringement action. As such, a significant

    portion of the materials exchanged in discovery, and subsequently filed with the Court in

    connection with pretrial proceedings, contain proprietary and confidential research,

    development and business information of the parties.

3.  By designating their material as "Confidential" under the Order, Defendants have

    represented that the subject information is trade secret or other confidential or proprietary

    research, development, commercial or financial information within the meaning of Fed.

    R. Civ. P. 26(c).

2

4.    Lilly has demonstrated that, for the information it has designated as "Confidential," Lilly

has a legitimate interest to protect this information as confidential because Lilly would

otherwise suffer injury that could not be avoided without sealing this information.

5.    Defendants have represented that public disclosure of their own confidential information

would be detrimental to their business.  Due to the nature of the materials described

herein, there is no less restrictive alternative to filing under seal Exhibits 6-8, 10, 13, 16-

18, 20-21, 24-25, and 29 to the Certification of Melissa A. Chuderewicz in Support of

Lilly's Opposition to Defendants' Motions for Summary Judgment of Non-Infringement;

Lilly's Response to Aurobindo's Local Rule 56.1 Statement of Undisputed Material Facts

In Support Of Its Motion For Summary Judgment Of Non-Infringement; Lilly's Response

to Mylan's Local Rule 56.1 Statement of Undisputed Material Facts In Support Of Its

Motion For Summary Judgment Of Non-Infringement; and Lilly's Response to Sun's

Local Rule 56.1 Statement of Undisputed Material Facts In Support Of Its Motion For

Summary Judgment Of Non-Infringement; and redacted portions of Lilly's Combined

Memorandum of Law in Opposition to Aurobindo, Mylan, and Sun's Motions for

Summary Judgment of Non-Infringement; Lilly's Combined Counterstatement To

Defendants' Local Rule 56.1 Statements of Material Facts In Support Of Their Motions

For Summary Judgment Of Non-Infringement; and Lilly's Memorandum of Law

Concerning Claim Construction in Opposition to Sun's Motion for Summary Judgment of

Non-Infringement that quote or summarize the information contained in those exhibits.

6.    Lilly has represented that public disclosure of its confidential information would be

detrimental to its business.  Due to the nature of the materials described herein, there is

no less restrictive alternative to filing under seal Exhibits 9, 11-12, 19, 23, 26-28, 30-31,

33, 37, 43-45, and 54 to the Certification of Melissa A. Chuderewicz in Support of Lilly's

Opposition to Defendants' Motions for Summary Judgment of Non-Infringement; Lilly's

Response to Aurobindo's Local Rule 56.1 Statement of Undisputed Material Facts In

Support Of Its Motion For Summary Judgment Of Non-Infringement; Lilly's Response to

Mylan's Local Rule 56.1 Statement of Undisputed Material Facts In Support Of Its

Motion For Summary Judgment Of Non-Infringement; and Lilly's Response to Sun's

Local Rule 56.1 Statement of Undisputed Material Facts In Support Of Its Motion For

Summary Judgment Of Non-Infringement; and redacted portions of Lilly's Combined

Memorandum of Law in Opposition to Aurobindo, Mylan, and Sun's Motions for

Summary Judgment of Non-Infringement; Lilly's Combined Counterstatement To

Defendants' Local Rule 56.1 Statements of Material Facts In Support Of Their Motions

For Summary Judgment Of Non-Infringement; and Lilly's Memorandum of Law

Concerning Claim Construction in Opposition to Sun's Motion for Summary Judgment of

Non-Infringement that quote or summarize the information contained in those exhibits.

## CONCLUSIONS OF LAW

7.     Upon consideration of the papers submitted in support of the motion and the materials

that Defendants have designated as "Confidential" for which Lilly is required to seek to

have the Court seal, the Court concludes that Lilly has met its burden of proving, under

L. Civ. R. 5.3 and applicable case law, that the materials described above should be filed

under seal.  Specifically, the Court concludes that: (a) the materials contain confidential

information concerning Defendants' business; (b) that Defendants have a legitimate

interest in maintaining the confidentiality of the material in order to protect its disclosure

to potential competitors who can use the material and the information contained therein

4

for commercial purposes; (c) that public disclosure of the material would result in clearly defined and serious injury, including the use of the material by competitors to Defendants' financial detriment; and (d) no less restrictive alternative to sealing the subject documents is available.

8.  Upon consideration of the papers submitted in support of the motion and the materials that Lilly has designated as "Confidential" for which Lilly is required to seek to have the Court seal, the Court concludes that Lilly has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the materials described above should be filed under seal. Specifically, the Court concludes that: (a) the materials contain confidential information concerning Lilly's business; (b) that Lilly has a legitimate interest in maintaining the confidentiality of the material in order to protect its disclosure to potential competitors who can use the material and the information contained therein for commercial purposes; (c) that public disclosure of the material would result in clearly defined and serious injury, including the use of the material by competitors to Lilly's financial detriment; and (d) no less restrictive alternative to sealing the subject documents is available.

9.  The foregoing conclusions are supported by relevant case law holding that the right of public access to the court filings is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 143 n.8 (2d Cir. 2004).

**BASED UPON** the foregoing findings of fact and conclusions of law, it is:

5

**ORDERED** that Lilly's Motion to Seal is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the following material is sealed:

a.  Exhibits 6-13, 16-21, 23-31, 33, 37, 43-45, 54 to the Certification of Melissa A. Chuderewicz in Support of Lilly's Opposition To Defendants' Motions for Summary Judgment of Non-Infringement;

b.  Lilly's Response to Aurobindo's Local Rule 56.1 Statement of Undisputed Material Facts In Support Of Its Motion For Summary Judgment Of Non-Infringement;

c.  Lilly Response to Mylan's Local Rule 56.1 Statement of Undisputed Material Facts In Support Of Its Motion For Summary Judgment Of Non-Infringement;

d.  Lilly's Response to Sun's Local Rule 56.1 Statement of Undisputed Material Facts In Support Of Its Motion For Summary Judgment Of Non-Infringement;

e.  Redacted portions of Lilly's Combined Memorandum of Law in Opposition to Aurobindo, Mylan, and Sun's Motions for Summary Judgment of Non-Infringement;

f.  Redacted portions of Lilly's Combined Counterstatement To Defendants' Local Rule 56.1 Statements of Material Facts In Support Of Their Motions For Summary Judgment Of Non-Infringement;

g.  Redacted portions of Lilly's Memorandum of Law Concerning Claim Construction in Opposition to Sun's Motion for Summary Judgment of Non-Infringement.

6

**IT IS FURTHER ORDERED** that Lilly file a redacted version of all documents it seeks to seal by virtue of this order on or before _____September 30_____, 2009.

**SO ORDERED** this _11th_ day of _____September_____, 2009.

_____
Hon. Dennis M. Cavanaugh, U.S.D.J.

**MARK FALK**
**U.S. Magistrate Judge**