PEPPER HAMILTON LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276
Phone: (609) 452-0808
Fax: (609) 452-1147
Attorneys for Plaintiff
Eli Lilly and Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ACTAVIS ELIZABETH LLC, GLENMARK PHARMACEUTICALS, INC., USA, SUN PHARMACEUTICAL, INDUSTRIES LIMITED, SANDOZ INC., MYLAN PHARMACEUTICALS INC., APOTEX INC., AUROBINDO PHARMA LTD., TEVA PHARMACEUTICALS USA, INC., SYNTHON LABORATORIES, INC., ZYDUS PHARMACEUTICALS, USA, INC.,<br><br>Defendants. | Civil Action No. 07-3770 (DMC) (MF) |

### [PROPOSED] ORDER GRANTING MOTION TO SEAL

**THIS MATTER** having come before the Court upon the motion of Plaintiff Eli Lilly and Company ("Lilly") pursuant to Local Civil Rule 5.3(c) to seal (1) certain exhibits to the Supplemental Certification of John F. Brenner in Support of Lilly's Motion for Summary Judgment of No Inequitable Conduct, and confidential portions of Lilly's (2) Reply Memorandum of Law and (3) Local Rule 56.1 Response to Defendants' Supplemental Statement Regarding Lilly's Motion for Summary Judgment of No Inequitable Conduct, and the Court having considered the written submissions of the parties; and the Court having determined that

NY1 7042435v.1

this action involves allegations regarding the disclosure of confidential and proprietary information, and for other and good cause having been shown,

## **FINDINGS OF FACT**

1. The materials that Lilly seeks to seal contain information designated by Defendants or Lilly in this matter as "Confidential" under the Protective Order, entered in this matter on August 6, 2008.

2. This is a complex pharmaceutical patent infringement action. As such, a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contain proprietary and confidential research, development and business information of the parties.

3. By designating their material as "Confidential" under the Order, Defendants have represented that the subject information is trade secret or other confidential or proprietary research, development, commercial or financial information within the meaning of Fed. R. Civ. P. 26(c).

4. Lilly has demonstrated that, for the information it has designated as "Confidential," Lilly has a legitimate interest to protect this information as confidential because Lilly would otherwise suffer injury that could not be avoided without sealing this information.

5. Defendants have represented that public disclosure of their own confidential information would be detrimental to their business. Due to the nature of the materials described herein, there is no less restrictive alternative to filing under seal Exhibit 50 to the Supplemental Certification of John F. Brenner in Support of Lilly's Motion for Summary Judgment of No Inequitable Conduct, and redacted portions of Lilly's Reply Memorandum of Law Regarding Lilly's Motion for Summary Judgment of No

Inequitable Conduct that quote or summarize the information contained in that exhibit or other exhibits previously filed under seal in connection with Lilly's motion.

6. Lilly has represented that public disclosure of its confidential information would be detrimental to its business. Due to the nature of the materials described herein, there is no less restrictive alternative to filing under seal Exhibits 44-46 to the Supplemental Certification of John F. Brenner in Support of Lilly's Motion for Summary Judgment of No Inequitable Conduct, and redacted portions of Lilly's Reply Memorandum of Law and Local Rule 56.1 Response to Defendants' Supplemental Statement Regarding Lilly's Motion for Summary Judgment of No Inequitable Conduct that quote or summarize the information contained in those exhibits.

## CONCLUSIONS OF LAW

7. Upon consideration of the papers submitted in support of the motion and the materials that Defendants have designated as "Confidential" for which Lilly is required to seek to have the Court seal, the Court concludes that Lilly has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the materials described above should be filed under seal. Specifically, the Court concludes that: (a) the materials contain confidential information concerning Defendants' business; (b) that Defendants have a legitimate interest in maintaining the confidentiality of the material in order to protect its disclosure to potential competitors who can use the material and the information contained therein for commercial purposes; (c) that public disclosure of the material would result in clearly defined and serious injury, including the use of the material by competitors to Defendants' financial detriment; and (d) no less restrictive alternative to sealing the subject documents is available.

8. Upon consideration of the papers submitted in support of the motion and the materials that Lilly has designated as "Confidential," the Court concludes that Lilly has met its burden of proving, under L. Civ. R. 5.3 and applicable case law, that the materials described above should be filed under seal. Specifically, the Court concludes that: (a) the materials contain confidential information concerning Lilly's business; (b) that Lilly has a legitimate interest in maintaining the confidentiality of the material in order to protect its disclosure to potential competitors who can use the material and the information contained therein for commercial purposes; (c) that public disclosure of the material would result in clearly defined and serious injury, including the use of the material by competitors to Lilly's financial detriment; and (d) no less restrictive alternative to sealing the subject documents is available.

9. The foregoing conclusions are supported by relevant case law holding that the right of public access to the court filings is not absolute, and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 603 (1978). The Court, upon such a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access. *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004).

**BASED UPON** the foregoing findings of fact and conclusions of law, it is:

**ORDERED** that Lilly's Motion to Seal is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the following material is sealed:

a. Exhibits 44-46 and 50 to the Supplemental Certification of John F. Brenner in Support of Lilly's Motion for Summary Judgment of No Inequitable Conduct;

b.  Redacted portions of Lilly's Reply Memorandum of Law in Support of Lilly's Motion for Summary Judgment of No Inequitable Conduct; and

c.  Redacted portions of Lilly's Local Rule 56.1 Response to Defendants' Supplemental Statement in Support of Lilly's Motion for Summary Judgment of No Inequitable Conduct.

**SO ORDERED** this /4th day of ____September____, 2009.

_____
Hon. Dennis M. Cavanaugh, U.S.D.J.

**MARK FALK**
**U.S. Magistrate Judge**

5

NY1 7042435v.1