UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ELI LILLY AND COMPANY,

    Plaintiff,

v.

ACTAVIS ELIZABETH LLC,
GLENMARK PHARMACEUTICALS
INC., SUN PHARMACEUTICAL
INDUSTRIES LTD., SANDOZ INC.,
MYLAN PHARMACEUTICALS INC.,
APOTEX INC., AUROBINDO PHARMA
LTD., TEVA PHARMACEUTICALS
USA, INC., SYNTHON
LABORATORIES, INC., ZYDUS
PHARMACEUTICALS, USA, INC.,

    Defendants.

**Hon. Dennis M. Cavanaugh**

**ORDER**

Civil Action No. 07-cv-3770 (DMC)

---

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendants' motion for summary judgment of no contributory infringement of U.S. Patent No. 5,658,590 ('590 patent) under 35 U.S.C. § 271(c); upon consideration of the parties' submissions, and for the following reasons;

**WHEREFORE** the Court, on May 20, 2009, granted Defendants' partial motion for summary judgment of no direct infringement of the '590 patent;

**WHEREFORE** the Court, on December 31, 2009, granted Plaintiff's motion for summary judgment as to induced infringement, and denied Defendants' corresponding cross-motion for no induced infringement of the '590 patent;

**WHEREFORE** Defendants have a pending motion for summary judgment as to no

contributory infringement;

**WHEREFORE** to demonstrate that Defendants are liable for contributory infringement of the '590 patent, Plaintiff must show that Defendants will: (1) sell or offer to sell a material component of a composition for use in a patented method; and (2) **the component is not a staple article or commodity of commerce suitable for substantial non-infringing use**, see Abraxis Bioscience, Inc. v. Navinta, LLC, 640 F. Supp. 2d 553, 571 (D.N.J. 2009); 35 U.S.C. § 271(c);

**WHEREFORE** the threshold for establishing a substantial non-infringing use is a low one, see Vita-Mix Corp. v. Basic Holding, Inc., 581 F.3d 1317, 1327 (Fed. Cir. 2009) ("District courts have found, and we agree, that non-infringing uses are **substantial** when they are not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.") (emphasis added);[1]

**WHEREFORE** Defendants' evidence–including widely accepted industry data and physician call notes[2]–overwhelmingly indicates that atomoxetine tablets are capable of substantial non-infringing uses;

**WHEREFORE** Plaintiff's attacks on the accuracy of the NDTI data and call notes are insufficient to withstand summary judgment, here, because even recognizing the imperfection of such

---

[1] Plaintiff urges that "substantial non-infringing uses" of Defendants' atomoxetine must be "commercially viable, efficient, recommenced," relying on Hoffmann-La Roche v. Promega Corp., 1994 U.S. Dist. LEXIS 10174, at *30 (N.D. Cal. June 13, 1994). The recent Federal Circuit guidance in Vita-Mix, however, indicates that the bar is much lower.

[2] The industry data, provided by the National Disease and Therapeutic Index (NDTI), has been relied upon by courts on numerous occasions. Purdue Pharma L.P. v. Endo Pharms. Inc., 2004 U.S. Dist. LEXIS 10, at *46-54 (S.D.N.Y. Jan. 5, 2004); Bristol-Myers Co. v. F.T.C., 738 F.2d 554, 563 (Fed. Cir. 1984); McNeilab, Inc. v Am. Home Prods. Corp., 501 F. Supp. 517, 524 (S.D.N.Y. 1980).

Call notes are conversations or sales calls between Eli Lilly representatives and physicians regarding Lilly drug products. Although such notes are not a statistically perfect source of information regarding the usage of atomoxetine, Plaintiff has produced literally thousands of such notes indicating that atomoxetine has been used in a non-infringing manner.

sources, it cannot reasonably be said that the non-infringing uses of atomoxetine are "unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental," see id.;

**WHEREFORE,** in light of the substantial non-infringing uses of the product sold by Defendants, Defendants cannot be liable for contributory infringement of the '590 patent;

**IT IS** on this 19th day of January, 2010;

**ORDERED** that Defendants' motion for summary judgment of no contributory infringement under 35 U.S.C. § 271(c) is **granted**.

_____
Dennis M. Cavanaugh, U.S.D.J.

Orig.:      Clerk's Office
cc:        All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File