NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ACTAVIS ELIZABETH LLC, | : | **Hon. Dennis M. Cavanaugh** |
| GLENMARK PHARMACEUTICALS | : | |
| INC., SUN PHARMACEUTICAL | : | **ORDER** |
| INDUSTRIES LTD., SANDOZ INC., | : | |
| MYLAN PHARMACEUTICALS INC., | : | Civil Action No. 07-cv-3770 (DMC) |
| APOTEX INC., AUROBINDO PHARMA | : | |
| LTD., TEVA PHARMACEUTICALS | : | |
| USA, INC., SYNTHON | : | |
| LABORATORIES, INC., ZYDUS | : | |
| PHARMACEUTICALS, USA, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant Apotex's motion for reconsideration[1] of this Court's December 31, 2009 grant of summary judgment of induced infringement of U.S. Patent No. 5,658,590 ('590 patent) under 35 U.S.C. § 271(b); and upon consideration of the parties' submissions;

**WHEREFORE** Apotex argues that Plaintiff failed to meet its burden of establishing that Apotex has the requisite "specific intent" to encourage doctors or patients to infringe the claims of the '590 patent by prescribing/administering Defendants' atomoxetine tablets;

**WHEREFORE** this Court determined that the evidence, including the product label included with the distributed atomoxetine tablets, demonstrates Apotex's intent;

---

[1] The Court notes that only Apotex seeks reconsideration of its finding of induced infringement.

**WHEREFORE** Apotex argues that because it does not give its product label to prescribing physicians or to patients, and further, that end-users do not rely on such labels, Plaintiff cannot show that Apotex culpably encouraged infringement of the patent;

**WHEREFORE** the proper focus of an intent inquiry, however, is on the objective conduct of the alleged inducer–not on how or whether the ultimate infringers (i.e., physicians and patients) were influenced by the conduct;[2]

**WHEREFORE** this Court determined that Defendant's conduct was sufficient to demonstrate culpable intent, and that grant of summary judgment as to induced infringement was proper;[3]

**IT IS** on this ___ day of February, 2010;

**ORDERED** that Apotex's Motion for Reconsideration of this Court's December 31, 2009 grant of summary judgment as to induced infringement is **denied**.

Dennis M. Cavanaugh, U.S.D.J.

Orig.:        Clerk's Office
cc:           All Counsel of Record
              The Honorable Mark Falk, U.S.M.J.
              File

---

[2] See Aventis Pharms., Inc. v. Barr Labs., Inc., 411 F. Supp. 2d 490, 518 (D.N.J. 2006), aff'd, 208 Fed. Appx. 843 (Fed. Cir. 2006); Braintree Lab., Inc. v. Nephro-Tech, Inc., 31 F. Supp. 2d 921, 925 (D. Kan. 1998).

[3] Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., 145 F.3d 1303, 1312 (Fed. Cir. 1998) (affirming grant of summary judgment where district court found induced infringement based upon product literature); Garmin Ltd. v. TomTom, Inc., 468 F. Supp. 2d 988, 999 (W.D. Wis. 2006) (granting summary judgment of induced infringement where instructions described an infringing use).