## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACTAVIS ELIZABETH LLC, | ) | Civil Action No. 07-3770 (DMC) (MF) |
| GLENMARK PHARMACEUTICALS | ) | |
| INC., USA, SUN PHARMACEUTICAL | ) | |
| INDUSTRIES LIMITED, SANDOZ INC., | ) | |
| MYLAN PHARMACEUTICALS INC., | ) | |
| APOTEX INC., AUROBINDO PHARMA | ) | |
| LTD., TEVA PHARMACEUTICALS | ) | |
| USA, INC., SYNTHON LABORATORIES, | ) | |
| INC., ZYDUS PHARMACEUTICALS, | ) | |
| USA, INC., | ) | |
| *Defendants.* | ) | |
| | ) | |

### JOINT STIPULATION TO STAY ACTION BETWEEN ELI LILLY AND COMPANY AND ACTAVIS ELIZABETH LLC

WHEREAS, on September 5, 2007, Plaintiff Eli Lilly and Company ("Lilly") filed a First

Amended Complaint (D.E. 3) against Actavis Elizabeth LLC ("Actavis"), Glenmark

Pharmaceuticals, Inc., USA ("Glenmark"), Sun Pharmaceutical Industries Ltd., Sandoz Inc.,

Mylan Pharmaceuticals Inc., Apotex Inc., Aurobindo Pharma Ltd., Teva Pharmaceuticals USA,

Inc., Synthon Laboratories, Inc. ("Synthon"), and Zydus Pharmaceuticals USA, Inc. ("Zydus"),

Case No. 2:07-CV-03770-DMC-MF, alleging infringement of Lilly's Patent No. 5,658,590 ("the

'590 patent");

WHEREAS, Lilly alleges that Actavis infringed the '590 patent by filing of Abbreviated

New Drug Application No. 78-940 to obtain approval for the manufacture, use and sale of

atomoxetine hydrochloride capsules in 10 mg, 18 mg, 25 mg, 40 mg, 60 mg, 80 mg and 100 mg dosage forms;

WHEREAS, on September 27, 2007, Actavis filed an Answer (D.E. 10) denying infringement of the '590 patent and raising an affirmative defense that the '590 patent is invalid;

WHEREAS, on December 12, 2007, the Court issued a Consent Judgment and Order (D.E. 105) finally resolving the action between Lilly and Zydus pursuant to a stipulation entered into between those two parties;

WHEREAS, on July 1, 2008, the Court issued a Consent Judgment and Order (D.E. 174) finally resolving the action between Lilly and Glenmark pursuant to a stipulation entered into between those two parties;

WHEREAS, on July 3, 2008, Actavis filed a First Amended Answer (D.E. 177) adding an affirmative defense that the '590 patent is unenforceable due to inequitable conduct;

WHEREAS, on August 21, 2008, the Court endorsed a Stipulation and Order of Dismissal (D.E. 215) dismissing Lilly's claims against Synthon and Synthon's defenses and counterclaims, without prejudice;

WHEREAS, there remain seven defendants including Actavis in the above-captioned action ("the Atomoxetine Action");

WHEREAS, on December 29, 2009, the district court in the Atomoxetine Action granted Lilly's motion for summary judgment of induced infringement of the '590 patent (D.E. 490, 491, 494);

-2-

WHEREAS, Lilly and Actavis expect that resolution of the issues in the Atomoxetine Action should resolve all of Lilly's claims against Actavis and Actavis's defenses, with respect to the '590 patent, that were or could have been raised; and

WHEREAS, Lilly and Actavis have agreed to be bound by the judgment on infringement, validity and enforceability of the '590 patent in the Atomoxetine Action to be litigated on the merits to a decision from which no appeal has been or can be taken, and agree that such judgment will be *res judicata* as to Lilly and Actavis,

IT IS HEREBY STIPULATED AND AGREED by the parties, subject to the following and to approval by the Court, through their undersigned attorneys, that further discovery and adjudication of Lilly's claims against Actavis and of Actavis's defenses are hereby stayed in their entirety; and

1.    Actavis acknowledges and agrees that the '590 patent would be infringed by manufacture, use, sale, offer to sell, importation or distribution of atomoxetine capsules pursuant to ANDA No. 78-940.

2.    Except as provided in paragraph 5 below, all of Lilly's claims against Actavis and Actavis's defenses are stayed until a final court decision from which no appeal has been or can be taken, including any petition for a writ of certiorari to the U.S. Supreme Court or subsequent appeal. Any final appellate ruling or mandate as to infringement and the validity and enforceability of the '590 patent shall be entered in the Atomoxetine Action as if Actavis had fully participated in such appeal.

3.    Actavis and Lilly agree to waive any claim against each other for exceptional case, attorneys' fees or costs. Notwithstanding any provision to the contrary in the Atomoxetine

Action, no judgment shall be entered against Actavis or Lilly finding an exceptional case under 35 U.S.C. § 285 or awarding costs or attorneys' fees.

4.      To promote the efficient management of preliminary injunction litigation, and notwithstanding any sale, offer to sell, manufacture or importation by any other defendant (or any third party) of an atomoxetine product pursuant to an ANDA, Actavis will notify Lilly ninety (90) days in advance of any sale, offer to sell, manufacture or importation by Actavis (or any third party acting on instructions from or at the direction of Actavis) of an atomoxetine product pursuant to ANDA No. 78-940.

5.      In the event that Lilly settles with one or more of the defendants in the Atomoxetine Action prior to entry against Actavis of the final appellate ruling or mandate, Actavis may move and have Lilly's consent, after entry of dismissals in said action or actions, to vacate the stay.

Date: April __ 2010

Respectfully submitted,

John F. Brenner /ssp

Laura P. Magurovsky /ssp

By: _____

John F. Brenner
Melissa A. Chuderewicz
PEPPER HAMILTON LLP
301 Carnegie Center
Suite 400
Princeton, NJ 08543-5276
Tel: (609) 452-0808
Fax: (609) 452-1147

*Attorneys for Plaintiff Eli Lilly and Company*

Respectfully submitted,

By: _____

Gregory D. Miller, Esq.
Podvey, Meanor, Catenacci, Hildner,
Cocoziello, & Chattman
One Riverfront Plaza
Newark, NJ 07102-5497
Tel: 973-623-1000
Fax: 973-623-9131

*Attorneys for Defendant Actavis Elizabeth LLC*

-4-

Of Counsel:

Charles E. Lipsey
L. Scott Burwell
Finnegan, Henderson, Farabow,
Garrett & Dunner, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190-5675
Tel: (571) 203-2700
Fax: (202) 408-4400

Robert D. Bajefsky
Laura P. Masurovsky
M. Andrew Holtman
Krista E. Bianco
Finnegan, Henderson, Farabow
Garrett & Dunner, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

Jennifer S. Swan
Finnegan, Henderson, Farabow
Garrett & Dunner, L.L.P.
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Tel: (650) 849-6600
Fax: (650) 849-6666

Of Counsel:

Matthew J. Becker, Esq.
Jo-Anne Kokoski, Esq.
Axinn Veltrop & Harkrider LLP
90 State House Square 11th Floor
Hartford, CT 06103-3704
Tel: 860-275-8100
Fax: 860-275-8101

James P. Doyle, Esq.
Axinn Veltrop & Harkrider LLP
114 W. 47th Street
New York, NY 10036
Tel: 212-728-2200
Fax: 212-728-2201

SO ORDERED, this _19_ day of _April_, 2010.

Dennis M. Cavanaugh
U.S. District Judge

-5-