UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ACTAVIS ELIZABETH LLC, GLENMARK PHARMACEUTICALS INC., USA, SUN PHARMACEUTICAL INDUSTRIES LIMITED, SANDOZ INC., MYLAN PHARMACEUTICALS INC., APOTEX INC., AUROBINDO PHARMA LTD., TEVA PHARMACEUTICALS USA, INC., SYNTHON LABORATORIES, INC., ZYDUS PHARMACEUTICALS USA, INC.,<br><br>Defendants. | Civil Action No. 07-3770 (DMC)(MF)<br><br>RETURN DATE: JUNE 7, 2010<br><br>*DOCUMENT ELECTRONICALLY FILED* |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF MYLAN PHARMACEUTICAL INC.'S MOTION TO SEAL
PORTIONS OF DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION IN LIMINE TO PRECLUDE TESTIMONY OF DEFENDANTS' EXPERT
DR. JAMES R. JOHNSON RELATING TO U.S. PATENT NO. 5,658,590, EXHIBITS
3 AND 6, AND THE ENTIRETY OF EXHIBIT 7 ATTACHED TO THE
DECLARATION OF VICTORIA E. SPATARO**

Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
**SAIBER LLC**
One Gateway Center, 10th Floor
Newark, New Jersey 07102-5311
(973) 622-3333 (telephone)
(973) 622-3349 (facsimile)

Thomas J. Parker
(thomas.parker@alston.com)
Victoria E. Spataro
(victoria.spataro@alston.com)
**ALSTON & BIRD, LLP**
90 Park Avenue
New York, NY 10016-1387
(212) 210-9400 (telephone)
(212) 210-9444 (facsimile)

Attorneys for Defendant Mylan Pharmaceuticals Inc.

{00615303.DOC}

## INTRODUCTION

Pursuant to Local Civil Rule 5.3(c), Defendant Mylan Pharmaceuticals Inc. ("Mylan") hereby submits Proposed Findings of Fact and Conclusions of Law in support of its Motion to Seal filed with the Court on May 4, 2010. Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, it requires a showing of:

(1) the nature of the materials or proceedings at issue;

(2) the legitimate private or public interest which warrants the relief sought;

(3) the clearly defined and serious injury that would result if the relief sought is not granted; and

(4) why a less restrictive alternative to the relief sought is not available.

Mylan seeks to seal the following documents (collectively referred to herein as the "Confidential Documents"):

- Pages 3, 13, 14, and 15 of Defendants' Brief in Opposition to Plaintiff's *Motion In Limine* To Preclude Testimony of Defendants' Expert Dr. James R. Johnson Relating to U.S. Patent No. 5,658,590;
- Exhibit 3, pages 148, 184-185, and 246-256, attached to the Declaration of Victoria E. Spataro, Esq. ("Spataro Declaration") filed in support of Defendants' Brief in Opposition to Plaintiffs' *Motion In Limine* To Preclude Testimony of Defendants' Expert Dr. James R. Johnson Relating to U.S. Patent No. 5,658,590;
- Exhibit 6, paragraphs 35 and 190, attached to the Spataro Declaration; and
- Exhibit 7 attached to the Spataro Declaration.

Set forth below are the findings of fact and conclusions of law addressing each of the elements of Local Civil Rule 5.3(c). These findings of fact and conclusions of law support the granting of Mylan's Motion to Seal the Confidential Documents identified herein:

I.  **The Nature of the Materials or Proceedings at Issue**

   A.  **Findings of Fact**

   1.) The Confidential Documents reflect plaintiff Eli Lilly & Company's ("Lilly" or "plaintiff") business and technical information that is confidential and/or proprietary – specifically, highly-sensitive information concerning proprietary testing results, experimental designs, and development information for Lilly's Strattera® product, which to Mylan's understanding Lilly has not otherwise disclosed to the public.

   B.  **Conclusions of Law**

   2.) There exists in civil cases a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corporation, 851 F.2d 673, 677-78 (3d Cir. 1988). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).

   3.) This Court has the power to seal where confidential information may be disclosed to the public. Fed. R. Civ. P. 26(c)(1)(G) allows the protection by courts of materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

II. **The Legitimate Private or Public Interest which Warrants the Relief Sought**

   A.  **Findings of Fact**

   4.) The Confidential Documents sought to be sealed contain information that Mylan represents was designated by Lilly as confidential and proprietary under the Discovery Confidentiality Order ("DCO") that presently governs the instant action.

5.) Counsel for Mylan has submitted a Declaration stating that upon information and belief, Lilly has expressed an interest in not publicly disclosing this information and relies on such information to gain a competitive advantage in the pharmaceutical industry.

**B.     Conclusions of Law**

6.) Courts have recognized that the public right of access to judicial proceedings and records is not absolute. Id. (citations omitted).

7.) The presumption of public access is not absolute and may be rebutted. Id. (citing Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Littlejohn, 851 F.2d at 678 (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)).

8.) Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. See id. (citation omitted).

9.) The District Court of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm.'" In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted).

10.) Commercially sensitive information, such as information related to a party's New Drug Application ("NDA") or Abbreviated New Drug Application ("ANDA"), from which a party's market strategy can be deduced, and from which a litigant's market competitiveness may

be harmed is often sealed from public access. See In re Gabapentin, 312. F. Supp. 2d at 667 n. 7; 21 C.F.R § 314.430(b)-(d).

11.) Information regarding a party's NDA and ANDA constitutes confidential commercial information. See In re Gabapentin, 312. F. Supp. 2d at 667 n. 7; 21 C.F.R § 314.430(b)-(d).

### III. The Clearly Defined and Serious Injury that would Result if the Relief Sought is Not Granted

#### A. Findings of Fact

12.) Given its reference to, and disclosure of, non-public business information that is otherwise unavailable to third parties, the public disclosure of the Confidential Documents identified above poses a substantial risk of harm to Lilly's legitimate proprietary interests and competitive position.

#### B. Conclusions of Law

13.) The district court has discretion to balance the factors for and against access to court documents. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994). Protection of a party's interest in confidential commercial information, such as trade secrets or profit margin, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. See Publicker, 733 F.2d at 1071; Faulman, 2006 WL 1541059 at *1.

### IV. Why a Less Restrictive Alternative to the Relief Sought is not Available

#### A. Findings of Fact

14.) Once confidential information is disclosed to the public, it can never again be sealed or maintained as private. Moreover, Mylan's request to seal the Confidential Documents is narrowly tailored to information that Mylan understands Lilly has alleged to be confidential and proprietary.

15.) The disclosure of this confidential and/or proprietary information would pose a financial and competitive risk to Lilly. Accordingly, the only way to protect Lilly's confidential interests is to seal the identified documents.

### B. Conclusions of Law

16.) Under Local Civil Rule 5.3(c)(2), a party seeking to seal documents must meet the fourth prong that a no less restrictive alternative to the relief sought is available. See Securimetrics, Inc. v. Iridian Techs., Inc., No. 03-cv-04394, 2006 WL 827889, at *2 (D.N.J. Mar 30, 2006).

20.) The sealing of confidential documents and information is an accepted practice in the District of New Jersey. In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, passim.

 

                                                  **SAIBER LLC**
Attorneys for Defendant
Mylan Pharmaceuticals Inc.

Dated: May 4, 2010

By: s/ Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
One Gateway Center, 10th Floor
Newark, New Jersey 07102-5311
(973) 622-3333 (telephone)
(973) 622-3349 (facsimile)

Thomas J. Parker
(thomas.parker@alston.com)
Victoria E. Spataro
(victoria.spataro@alston.com)
**ALSTON & BIRD, LLP**
90 Park Avenue
New York, NY 10016-1387
(212) 210-9400 (telephone)
(212) 210-9444 (facsimile)