UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>                            **Plaintiff,**<br><br>v.<br><br>ACTAVIS ELIZABETH LLC,<br>GLENMARK PHARMACEUTICALS,<br>INC., *et al.*,<br><br>                            **Defendants.** | Civil Action No. 07-3770 (DMC)<br><br><br><br>**ORDER ON OUTSTANDING**<br>**<u>SEALING MOTIONS</u>** |

      Pending before the Court are 15 motions to seal portions of various submissions on the Court's public docket, including the final pretrial order; the parties' trial briefs; and numerous briefs and declarations filed in connection with *in limine* motions.[1] Of the fifteen pending motions, two seek to seal portions of trial briefs and twelve involve briefs and declarations associated with *in limine* motions. Nearly all the motions seek to restrict public access to large portions of (if not entire) briefs, exhibits, and/or declarations without specifying the information that would be sealed if granted.

      The proceedings in this case, including the final pretrial conference and the nearly completed trial, have all been conducted entirely in open court. Indeed, six trial days were conducted in an open

---

[1] CM/ECF Nos. 560, 563, 564, 577, 585, 588, 589, 594, 597, 600, 608, 611, 614, 616, and 623.

courtroom.[2] Likewise, the Undersigned conducted a lengthy, multi-hour hearing in open court on May 5, 2010, relating to an *in limine* motion to exclude an expert witness and issued a written opinion that was not filed under seal and is available on the public databases maintained by Lexis Nexis and Westlaw. District Judge Cavanaugh also issued an Opinion on various *in limine* motions, which is on the Court's public docket and is also available Lexis Nexis and Westlaw. Even assuming the information in the *in limine* briefing was information that once warranted closure, which has *not* been shown, that information is now public. The sealing of information in the public record is improper. See, e.g., Bank of Am. Trust & Sav. Ass'n v. Hotel Rittenhouse Assoc., 800 F.2d 339, 345 (3d Cir. 1986); Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 & n.11 (2d Cir. 2004).

In addition, a review of the motions reveals that the parties are apparently seeking to seal large swaths of their briefs and declarations without reference to the specific portions of the briefs that allegedly disclose or discuss confidential information; without providing redacted briefs detailing the precise portions that warrant closure; without sufficiently explaining how the disclosure of such information could result in concrete and specific harm; and without articulating why a less restrictive means to sealing briefs and/or documents is not available. There is a presumption against sealing judicial records, see L. Civ. R. 5.3(a)(4), and sealing is only warranted when the party seeking closure can articulate a clearly defined and serious injury that would result from public disclosure. See L. Civ. R. 5.3(c)(2); Pansy v. Boro. of Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994); FTC v. Lane Labs, No. 00-3174, 2007 U.S. Dist. LEXIS 6430, at *2 (D.N.J. Jan. 29, 2007) (Cavanaugh, J.) (denying motion to seal allegedly confidential materials). Sealing of entire

---

[2] See CM/ECF Nos. 627-32.

briefs and declarations is rarely, if ever, appropriate.  Cf. In re Fleetboston Fin. Corp. Secs. Litig., 253 F.R.D. 315, 323 n.7 (D.N.J. 2008) (admonishing parties for filing entire brief and declaration, including case law, under seal).

      The motions to seal will be **denied without prejudice**.  The motions are overbroad; ignore that much of the information that would be sealed is in the public record; and fail to articulate the specific harm that would result from public disclosure of any of the putative confidential information.  In light of the Court's publicly available opinions and the trial conducted in open court, it is unclear that any of the information that the parties would like to seal remains appropriate subject matter for a motion to seal, given the record and the posture of the case at the present time. Nevertheless, the Court will provide the parties with an opportunity to renew their motions, provided the following format is followed:

1. The submission shall state whether or not there is any opposition to the request to seal the specific documents.  If opposition exits, the parties shall identify the document(s) that they oppose sealing and the reason(s) for the opposition.

2. The submission shall include both the pages and lines of the document(s) the movant seeks to have sealed and a proposed redacted version;[3]

3. For each and every line of a document the parties seek to have sealed, the parties shall create a chart identifying the document and explaining: (a) the legitimate private or public interests which warrant the relief sought; (b) the

---

[3] The Court reminds the parties that the sealing of documents shall be effectuated in the least restrictive means available.  See L. Civ. R. 5.3(c)(2).  To that end, absent extraordinary circumstances, it is unlikely the Court will seal deposition transcripts or lengthy documents in their entirety.  Accordingly, the parties shall identify only the portions of such documents for which they contend sealing is warranted.

    clearly defined and serious injury that would result if the relief sought is not granted; (c) why a less restrictive alternative to the relief sought is not available, see L. Civ. R. 5.3(c)(2); and (d) the position of the adverse party concerning the request to seal, and the reason why the request to seal is opposed.

4. Submit a proposed form of order that lists with specificity each entry for which sealing is sought. For example, Brief at Page XX, second paragraph, line Y, beginning with the word "AAA" to the word "ZZZ."

5. Certify that the information sought to be sealed is not contained in a publicly available document (such as the Court's Opinions on the *in limine* motions) or discussed on the record in open court during any hearing or the trial.

The parties should be aware that any motions to seal that are filed and do not comply with this protocol will be denied with prejudice.

**ACCORDINGLY, IT IS on this 22nd day of June 2010,**

**ORDERED** that the pending motions to seal [CM/ECF Nos. 560, 563, 564, 577, 585, 588, 589, 594, 597, 600, 608, 611, 614, 616, and 623] are **denied without prejudice**. The parties may renew their motions within 20 days in accordance with the protocol identified above.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

cc: Clerk of the Court
   Hon. Dennis M. Cavanaugh, U.S.D.J.
   All Parties (via ECF)
   File