**FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP**
901 New York Avenue, N.W.
Washington, DC 20001

*Attorneys for Plaintiff*
*Eli Lilly and Company*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELI LILLY AND COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ACTAVIS ELIZABETH LLC, GLENMARK )<br>PHARMACEUTICALS, INC., USA, SUN )<br>PHARMACEUTICAL INDUSTRIES LIMITED, )<br>SANDOZ INC., MYLAN )<br>PHARMACEUTICALS INC., APOTEX INC., )<br>AUROBINDO PHARMA LTD., TEVA )<br>PHARMACEUTICALS USA, INC., SYNTHON )<br>LABORATORIES, INC., ZYDUS )<br>PHARMACEUTICALS, USA, INC., )<br>)<br>Defendants. )<br>) | Civil Action No. 2:07-cv-3770 (DMC)(MF)<br><br>DOCUMENT FILED VIA ECF |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
ELI LILLY AND COMPANY'S RENEWAL OF
A PORTION OF ITS MOTION TO SEAL (D.I. 608)**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. LEGAL STANDARDS APPLICABLE TO THIS MOTION .........................................2

III. LOCAL CIVIL RULE 5.3(C) WARRANTS PRESERVING THE
CONFIDENTIALITY OF THE CITED MATERIALS .....................................................2

IV. CONCLUSION....................................................................................................4

I.      **INTRODUCTION**

Pursuant to Local Civil Rule 5.3(c) and Magistrate Judge Falk's June 22, 2010, Order on Outstanding Sealing Motions (D.I. 647), Plaintiff Eli Lilly and Company ("Lilly") submits this Supplemental Memorandum of Law In Support of Lilly's Renewal of a Portion of Its Motion to Seal (D.I. 608) ("Lilly's Supplemental Memorandum").  D.I. 608 sought to seal Lilly's Opposition to Defendants' Motion *In Limine* to Exclude Evidence Regarding IND 46,806 and accompanying Exhibit Nos. 2, 3, 7-9, and 11-12.  This Supplemental Memorandum specifically seeks to renew D.I. 608 solely as it pertains to certain passages of Exhibit 7 (D.I. 606-3) and Exhibit 9 (D.I. 606-5) to the May 3, 2010, Certification of M. Andrew Holtman in Support of Lilly's Opposition to Defendants' Motion *In Limine* to Exclude Evidence Regarding IND 46,806 and Related Exhibits (D.I. 607).[1]  The confidential passages in Exhibits 7 and 9 include confidential negotiated terms of two contracts governing confidential clinical research, testing plans, and research plans for drugs under development.

Lilly also submits herewith a Supplemental Certification of M. Andrew Holtman in Support of Lilly's Renewal of a Portion of Its Motion to Seal (D.I. 608) ("Supplemental Holtman Certification"), Supplemental Proposed Form of Order, and public versions of redacted Exhibits 7 and 9 in support of Lilly's Renewal of a Portion of Its Motion to Seal (D.I. 608). Lilly's Renewal of a Portion of Its Motion to Seal (D.I. 608) is timely as it was filed within 20

---

[1]     Lilly does not seek to renew its entire Motion to Seal (D.I. 608) because, as Lilly acknowledges, portions of several documents originally sought to be sealed by that Motion were subsequently publicly disclosed during the proceedings in the above-captioned matter.

With the Court's permission, Lilly will offer to assist the Clerk's Office in implementing the Supplemental Proposed Form of Order filed herewith, including the refiling of any documents, should the Court grant Lilly's renewed request to seal the confidential portions of the two exhibits described herein.

days of Magistrate Judge Falk's June 22, 2010, Order on Outstanding Sealing Motions (D.I. 647).  (*See* D.I. 647 at 4.)

## II.  LEGAL STANDARDS APPLICABLE TO THIS MOTION

The right of public access to Court filings is not absolute.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 603 (1978).  The Court, upon a proper showing, may in its discretion prevent confidential materials from being transmuted into materials presumptively subject to public access.  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994).

Local Civil Rule 5.3(c)(2) requires a showing of:

a.  the nature of the materials or proceedings at issue,

b.  the legitimate private or publc interests which warrant the relief sought,

c.  the clearly defined and serious injury that would result if the relief sought is not granted, and

d.  why a less restrictive alternative to the relief sought is not available.

## III.  LOCAL CIVIL RULE 5.3(C) WARRANTS PRESERVING THE CONFIDENTIALITY OF THE CITED MATERIALS

Lilly seeks to renew its motion to seal certain limited passages of Exhibits 7 and 9 to the Certification of M. Andrew Holtman in Support of Lilly's Opposition to Defendants' Motion *In Limine* to Exclude Evidence Regarding IND 46,806 and Related Exhibits, filed by Lilly on May 3, 2010.  Exhibit 7 is the Master Clinical Trial Agreement between Lilly Research Laboratories and the General Hospital Corporation.  Exhibit 9 is the Clinical Research Agreement between Lilly Research Laboratories and the General Hospital Corporation.  Certain passages of Exhibits 7 and 9 contain confidential negotiated terms of contracts governing confidential clinical research, testing plans, and research plans for drugs under development.

Exhibits 7 and 9 were produced by Lilly during the course of discovery and were designated by Lilly as "CONFIDENTIAL" under the Amended Discovery Confidentiality Order entered in this matter on August 6, 2008 (D.I. 209).

This is a complex pharmaceutical patent infringement action.  As such, a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contain proprietary and confidential research, development, and business information of the parties.

By designating these exhibits as "CONFIDENTIAL" under the Amended Discovery Confidentiality Order entered in this matter on August 6, 2008, Lilly represented that the subject information is trade secret or other confidential or proprietary research, development, commercial, or financial information within the meaning of Fed. R. Civ. P. 26(c).

The legitimate private interests which warrant sealing the specific passages of those exhibits include protecting Lilly's confidential internal negotiating strategy, internal and proprietary clinical research strategies, and internal and proprietary investigational drug development strategies, as well as protecting the confidential contract terms themselves, which govern confidential clinical research, testing plans, and research plans for drugs under development.

Disclosing this information to the public would harm Lilly.  Disclosure, for example, would reveal Lilly's internal negotiating strategy for these types of contracts and the specific negotiated terms of the heretofore confidential agreements.  Such disclosure could cause a potential loss of competitive advantage and financial loss to Lilly as competitors would gain insight into Lilly's internal and proprietary clinical research strategies, internal and proprietary investigational drug development strategies and efforts in discovering, developing, and testing its drugs, as well as insight into Lilly's internal strategies for contract negotiation for

3

agreements relating to clinical research, testing plans, and research plans for drugs under development.

Lilly's request is tailored to redact only the specific confidential information contained in these exhibits that has not been publicly disclosed. Lilly redacted the passages containing such confidential information and file redacted versions of Exhibits 7 and 9 herewith. As such, Lilly is aware of no available less restrictive alternative to the relief sought.

This Supplemental Memorandum, the Supplemental Holtman Certification, Supplemental Proposed Form of Order, and public versions of redacted Exhibits 7 and 9, all filed herewith, comport with the Local Rules and the requirements for renewing a motion to seal as set forth in Magistrate Judge Falk's June 22, 2010, Order on Outstanding Sealing Motions (D.I. 647).

## IV.   CONCLUSION

For the foregoing reasons, Lilly respectfully requests that the Court grant its renewal of a portion of its Motion to Seal (D.I. 608).

| | |
|---|---|
| Dated: July 12, 2010 | Respectfully submitted, |
| | ELI LILLY AND COMPANY |
| Charles E. Lipsey<br>L. Scott Burwell<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, LLP<br>Two Freedom Square<br>11955 Freedom Drive<br>Reston, VA 20190<br>Phone: (571) 203-2700<br>Fax: (571) 203-2777<br>charles.lipsey@finnegan.com<br>scott.burwell@finnegan.com | s/ M. Andrew Holtman_____<br><br>John E. Brenner<br>Melissa E. Chuderewicz<br>PEPPER HAMILTON LLP<br>301 Carnegie Center, Suite 400<br>Princeton, NJ  08543-5276<br>Phone: (609) 452-0808<br>Fax: (609) 452-1147<br>brennerj@pepperlaw.com<br>chuderem@pepperlaw.com |
| Jennifer S. Swan<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, LLP<br>3300 Hillview Avenue<br>Palo Alto, CA 94304<br>Phone: (650) 849-6600<br>Fax: (650) 849-6666<br>jennifer.swan@finnegan.com | Robert D. Bajefsky<br>Laura P. Masurovsky<br>M. Andrew Holtman<br>Krista E. Bianco<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, LLP<br>901 New York Avenue, N.W.<br>Washington, DC 20001<br>Phone: (202) 408-4000<br>Fax: (202) 408-4400<br>robert.bajefsky@finnegan.com<br>laura.masurovsky@finnegan.com<br>andy.holtman@finnegan.com<br>krista.bianco@finnegan.com<br><br>Attorneys for Plaintiff<br>Eli Lilly and Company |