Three World Financial Center
New York, NY 10281
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

## Locke Lord Bissell & Liddell LLP

Attorneys & Counselors

Joseph N. Froehlich
Direct Telephone: 212-812-8345
Direct Fax: 212-812-8398
jfroehlich@lockelord.com

August 17, 2010

BY ECF

The Honorable Dennis M. Cavanaugh
United States District Court Judge
United States District Court of the District of New Jersey
Frank R. Lautenberg U.S.P.O. and Courthouse
1 Federal Square
Newark, NJ  07101

           Re:    *Eli Lilly and Company v. Actavis Elizabeth LLC, et al.*,
                 Civil Action No. 07-3770

Dear Judge Cavanaugh:

We write on behalf of Defendant Apotex Inc. ("Apotex") with regard to the proposed final judgment submitted by defendant Mylan Pharmaceuticals Inc. ("Mylan") (D.E. 658-7) and the proposed final judgment submitted by plaintiff Eli Lilly and Company ("Lilly") (D.E. 659-6).

Apotex hereby objects to the proposed judgments submitted by Mylan and Lilly, as Apotex has not had sufficient time to determine the appropriateness of the proposed judgments. Apotex, while reserving its rights to enumerate further objections and to propose its own judgment, specifically objects to the judgments proposed by Mylan and Lilly insofar as they include parties other than the six parties—namely, defendants Apotex, Aurobindo Pharma Ltd., Mylan, Sandoz Inc. and Sun Pharmaceuticals Industries Ltd., and plaintiff Lilly—that tried the case.  Any final judgment from the Court in this case that the '590 patent is invalid should not apply to any of the other named defendants Zydus Pharmaceuticals, USA, Inc. ("Zydus"); Glenmark Pharmaceuticals Inc., USA ("Glenmark"); Synthon Laboratories, Inc. ("Synthon"); Teva Pharmaceuticals USA, Inc. ("Teva") and Actavis Elizabeth LLC ("Actavis") that agreed to settle or stay their actions as set forth below:

      1.      On December 12, 2007, the Court entered a Consent Judgment and Order (D.E. 105) resolving the action between Lilly and Zydus, in which the parties stipulated that the '590 patent is neither invalid nor unenforceable and in which both parties expressly waived their right to appeal or otherwise move for relief from the Lilly-Zydus Consent Judgment.  (D.E. 105 at 2.)

      2.      On July 2, 2008, the Court entered a Consent Judgment and Order (D.E. 174) resolving the action between Lilly and Glenmark, in which the parties stipulated that Glenmark had not rebutted the statutory presumption that the '590 patent is valid and enforceable and in which both parties expressly waived their right to appeal or otherwise move for relief from the Lilly-Glenmark Consent Judgment.  (D.E. 174 at 2.)

Atlanta. Austin. Chicago. Dallas. Houston. London. Los Angeles. New Orleans. New York. Sacramento. San Francisco. Washington, DC

The Honorable Dennis M. Cavanaugh
August 17, 2010
Page 2


3.　　　On August 21, 2008, the Court entered a Stipulation and Order of Dismissal (D.E. 215) resolving the action between Lilly and Synthon because Synthon withdrew its ANDA seeking FDA approval to market its atomoxetine capsules and agreed not to "file, re-file, or otherwise acquire, transfer, or sell rights to, an application for atomoxetine capsules that requires a certification" that the '590 patent is invalid or enforceable.  (D.E. 215 at 2.)

4.　　　On April 8, 2010, the Court entered a Joint Stipulation to Stay Action Between Eli Lilly and Company and Teva Pharmaceuticals USA, Inc. (D.E. 557) wherein Lilly and Teva agreed that all of Lilly's claims against Teva and Teva's defenses are stayed until a final court decision from which no appeal has been or can be taken and that any final appellate ruling or mandate as to infringement and the validity of the '590 patent shall be entered as if Teva had fully participated in such appeal. (D.E. 557 at 4.)

5.　　　On April 19, 2010, the Court entered a Joint Stipulation to Stay Action Between Eli Lilly and Company and Actavis Elizabeth LLC. (D.E. 567) wherein Lilly and Actavis agreed that all of Lilly's claims against Actavis and Actavis's defenses are stayed until a final court decision from which no appeal has been or can be taken and that any final appellate ruling or mandate as to infringement and the validity of the '590 patent shall be entered as if Actavis had fully participated in such appeal. (D.E. 567 at 4.)

We appreciate the Court's time and consideration regarding this matter.  Should the Court wish to discuss this further, we are available to do so.


Respectfully submitted,

Joseph N. Froehlich


cc:　　　Counsel of Record (by ECF)