NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY, | : |
| Plaintiff, | : |
| v. | : |
| ACTAVIS ELIZABETH LLC, GLENMARK PHARMACEUTICALS INC., SUN PHARMACEUTICAL INDUSTRIES LTD., SANDOZ INC., MYLAN PHARMACEUTICALS INC., APOTEX INC., AUROBINDO PHARMA LTD., TEVA PHARMACEUTICALS USA, INC., SYNTHON LABORATORIES, INC., ZYDUS PHARMACEUTICALS, USA, INC., | : **Hon. Dennis M. Cavanaugh**<br><br>**ORDER**<br><br>Civ. No. 07-cv-3770 (DMC) (JAD) |
| Defendants. | : |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion of Plaintiff Eli Lilly and Company ("Lilly") for a Temporary Injunction pursuant to Fed. R. Civ. P. 62(c), and the Court, having considered the submissions of the parties:

**WHEREFORE** Lilly asks this Court to "enjoin the Defendants from launching at risk to permit the Federal Circuit time to determine whether an interim injunction is warranted in this case";

**WHEREFORE** this Court has, on multiple occasions, acknowledged the significant and uncertain legal question relating to enablement that is dispositive as to the enforceability of Plaintiff's patent;

**WHEREFORE** this Court recognizes the attendant price and market share effects that will immediately take place upon entry of Defendants' generic products into the market;

**WHEREFORE** the Court may fashion limited relief to permit the Federal Circuit to have the opportunity to consider Lilly's request for injunctive relief in this matter;[1]

IT IS on this   18th   day of August, 2010;

**ORDERED** that Lilly's Motion for a Temporary Injunction pending the resolution of the appeal in this case is hereby **denied**; and it is further,

**ORDERED** that Lilly's Motion for a Temporary Injunction while Lilly seeks injunctive relief from the Federal Circuit is hereby **granted in part**; and it is further,

**ORDERED** that Defendants will be enjoined for a period of (14) days from the date of entry of the Final Judgment in this matter from launching in the U.S. a generic version of Strattera®, for the purpose of permitting Lilly to seek injunctive relief with the Federal Circuit; and it is further

**ORDERED** that Lilly must post security in the value of $10,000,000, in the form of a bond or corporate undertaking.

        S/ Dennis M. Cavanaugh  
        Dennis M. Cavanaugh, U.S.D.J.

Orig.:    Clerk  
cc:       All Counsel of Record  
           Hon. Joseph A. Dickson, U.S.M.J.  
           File

---

[1] Absent the limited relief granted herein, the Federal Circuit would not have a meaningful opportunity to consider granting the relief sought by Lilly, as the Defendant generic drug manufacturers will be permitted to enter the market regardless of the ultimate determination made as to the enforceability of the patent-in-issue. Sanofi Aventis U.S. LLC v. Sandoz, Inc., Nos. 2009-1427,-1444, slip op. at 3- 5 (Fed. Cir. Aug. 13, 2009); *FDA Guidance for Industry: Court Decisions, ANDA Approvals, and 180-Day Exclusivity Under the Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act*, 65 Fed. Reg. 16,922 (Mar. 30, 2000) ("Neither a stay nor a reversal of a district court decision finding the patent invalid, unenforceable, or not infringed will have an effect on the approval of the ANDA . . . ." ).