Arnold B. Calmann, Esq.
Jeffrey Soos, Esq.
Katherine A. Escanlar, Esq.
 SAIBER LLC
 One Gateway Center, 10th Floor
 Newark, NJ  07102-5311
 Telephone:  (973) 622-3333
 Facsimile:   (973) 286-2465

Thomas J. Parker, Esq.
Victoria E. Spataro, Esq.
 ALSTON & BIRD LLP
 90 Park Avenue
 New York, NY  10016
 Telephone:  (212) 210-9400
 Facsimile:   (212) 210-9444

*Attorneys for Mylan Pharmaceuticals Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-3770 (DMC)(MF) |
| ACTAVIS ELIZABETH LLC, GLENMARK PHARMACEUTICALS INC., USA, SUN PHARMACEUTICAL INDUSTRIES LIMITED, SANDOZ INC., MYLAN PHARMACEUTICALS INC., APOTEX INC., AUROBINDO PHARMA LTD., TEVA PHARMACEUTICALS USA, INC., SYNTHON LABORATORIES, INC., ZYDUS PHARMACEUTICALS USA, INC., | ) **FINAL JUDGMENT** |
| Defendants. | ) |

**THIS MATTER** having come before the Court for a non-jury trial on the merits, from May 18-19 and May 24-27, 2010, of all remaining issues in the case, to resolve the question of whether all claims of United States Patent No. 5,658,590 ("the '590 Patent) are invalid and/or unenforceable by reason of (i) obviousness; (ii) inequitable conduct; (iii) lack of enablement to the full scope of the patent's claims; and (iv) lack of enablement/utility; and the Court having heard testimony of expert witnesses and having considered the documentary evidence and depositions submitted by the parties; and having reviewed the pre-trial and post-trial submissions by the parties; and having heard closing arguments by the parties; and having entered its Opinion on these issues on August 12, 2010 (D.E. 657); and the Court having ruled upon the parties' motions for summary judgment (D.E. 331-32, D.E. 491, D.E. 494, D.E. 506);

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as set forth in the Court's aforementioned Opinions and Orders,

**ON THIS** 24 day of August, 2010, that

(1)   Defendants' conduct constitutes inducement of infringement but not direct or contributory infringement of the '590 patent if valid (D.E. 331-32; D.E. 491; D.E. 494, D.E. 506);

(2)   Defendants have failed to prove by clear and convincing evidence that the claims of the '590 patent are invalid for lack of novelty under 35 U.S.C. § 102 (D.E. 657);

(3)   Claims 1-16 of the '590 patent are invalid for lack of enablement/utility under 35 U.S.C. § 112 (D.E. 657);

(4)   Claims 1-16 of the '590 patent are not unenforceable due to inequitable conduct (D.E. 657);

(5)   Claims 1-16 of the '590 patent are not invalid for obviousness (D.E. 657); and

(6) Claims 1-16 of the '590 patent are not invalid for lack of enablement to the full scope of the patent claims (D.E. 657).

_____
HONORABLE DENNIS M. CAVANAUGH
UNITED STATES DISTRICT JUDGE