UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ACTAVIS ELIZABETH LLC, ) <br> GLENMARK PHARMACEUTICALS ) <br> INC., USA, SUN PHARMACEUTICAL ) <br> INDUSTRIES LIMITED, SANDOZ ) <br> INC., MYLAN PHARMACEUTICALS ) <br> INC., APOTEX INC., AUROBINDO ) <br> PHARMA LTD., TEVA ) <br> PHARMACEUTICALS USA, INC., ) <br> SYNTHON LABORATORIES, INC., ) <br> ZYDUS PHARMACEUTICALS USA, ) <br> INC., ) <br> ) <br> Defendants. ) | Civil Action No. 07-3770 (DMC)(MF) <br><br> RETURN DATE: OCTOBER 4, 2010 <br><br> *DOCUMENT ELECTRONICALLY FILED* |

**BRIEF IN SUPPORT OF MYLAN PHARMACEUTICALS INC.'S MOTION
TO SEAL PORTIONS OF ITS SEPTEMBER 7, 2010 LETTER TO
HONORABLE DENNIS M. CAVANAUGH, U.S.D.J.**

Arnold B. Calmann (abc@saiber.com)
Jeffrey Soos (js@saiber.com)
Katherine A. Escanlar (kae@saiber.com)
**SAIBER LLC**
One Gateway Center, 10th Floor
Newark, New Jersey 07102-5311
(973) 622-3333 (telephone)
(973) 622-3349 (facsimile)

Thomas J. Parker
(thomas.parker@alston.com)
Victoria E. Spataro
(victoria.spataro@alston.com)
**ALSTON & BIRD, LLP**
90 Park Avenue
New York, NY 10016-1387
(212) 210-9400 (telephone)
(212) 210-9444 (facsimile)

*Attorneys for Defendant Mylan Pharmaceuticals Inc.*

{00628591.DOC}

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ........................................................................................ 1

LEGAL ARGUMENT ............................................................................................... 2

    I.     Legal Standards ............................................................................................ 2

    II.    Mylan Meets the Requirement of Rule 5.3(c)(2)(b) By Showing That There Are Legitimate Interests that Warrant Sealing .............................. 3

    III.   Mylan Meets The Requirement of Rule 5.3(c)(2)(c) By Showing That Serious Injury That Would Result If The Confidential Document Is Not Placed Under Seal ............................................................................... 4

    IV.   Mylan Meets The Requirement of Rule 5.3(c)(2)(d) By Showing That No Less Restrictive Alternative Is Available ........................ 5

CONCLUSION ......................................................................................................... 5

# TABLE OF AUTHORITIES

## FEDERAL CASES

*In re Gabapentin Patent Litigation*, 312 F.Supp.2d 653 (D.N.J. 2004) ...................................... 3

*Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183 (3d Cir. 2001) ................................. 2

*Littlejohn v. BIC Corp.*, 851 F.2d 673 (3d Cir. 1988) ............................................................ 2, 3

*Miller v. Indiana Hosy.*, 16 F.3d 549 (3d Cir. 1994)................................................................. 2

*Nixon v. Warner Communications Inc.*, 435 U.S. 589 (1978)................................................... 3

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).................................................. 4

*Publicker Industrial Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984).......................................... 2, 4

*Republic of Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653 (3d Cir. 1991).............. 3

*Zenith Radio Corp. v. Matsushita Fleet Industrial Co. Ltd.*, 529 F. Supp. 866 (E.D. Pa. 1981)............................................................................................................................................. 2

## FEDERAL STATUTES AND REGULATIONS

Fed. R. Civ. P. 26(c) .................................................................................................................. 2

L. Civ. R. 5.3(c) ............................................................................................................... *passim*

21 C.F.R § 314.430(b)-(d) ......................................................................................................... 4

## PRELIMINARY STATEMENT

Defendant Mylan Pharmaceuticals Inc. ("Mylan") submits this Brief in support of its Motion pursuant to Local Civil Rule 5.3(c) to Seal the following document (referred to herein as the "Confidential Document"):

- Mylan's September 7, 2010 Letter to Honorable Dennis M. Cavanaugh, U.S.D.J.:
    - Page 3, first full paragraph, after "atomoxetine products" and ending at "This value"
    - Page 3, second full paragraph, after "final approval is received" and ending at "*see* Second Declaration".

As confirmed by the Declaration of Victoria E. Spataro, Esq., submitted concurrently herewith, the Confidential Document contains information that Mylan has designated as confidential, internal proprietary business and financial information under the Discovery Confidentiality Order ("DCO") entered by this Court on July 31, 2008 (D.I. 206). This Confidential Document in particular contains and/or reflects Mylan's business strategy and financial information. Mylan's proprietary business and financial information is presently confidential and unavailable to the public, and disclosure of such confidential information could seriously impair and injure Mylan's competitive posture in the marketplace.

Accordingly, it is respectfully requested that the Court grant Mylan's motion to seal for the reasons set forth herein.

## STATEMENT OF FACTS

Mylan respectfully incorporates herein the factual details set forth in the Proposed Findings of Fact and Conclusions of Law submitted herewith regarding the document and information sought to be sealed herein. Those facts demonstrate the highly confidential and proprietary nature of the information that is the subject of this motion.

{00628591.DOC}

1

**LEGAL ARGUMENT**

**I.    Legal Standards**

There exists in civil cases a common law public right of access to judicial proceedings and records. Goldstein v. Forbes (In re Cendant Corp.), 260 F.3d 183, 192 (3d Cir. 2001) (citing Littlejohn v. BIC Corp, 851 F.2d 673, 677-78 (3d Cir. 1988). The party seeking to seal any part of a judicial record bears the burden of demonstrating that "the material is the kind of information that courts will protect." Miller v. Indiana Hosy., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus. Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). This Court has the power to seal where confidential information may be disclosed to the public. In particular, Fed. R. Civ. P. 26(c)(1)(G) provides for the protection by courts of materials containing "trade secret[s] or other confidential research, development, or commercial information[,]" upon motion by a party, to prevent harm to a litigant's competitive standing in the marketplace. Zenith Radio Corp. v. Matsushita Fleet Indus. Co. Ltd., 529 F. Supp. 866, 889-91 (E.D. Pa. 1981).

Local Civil Rule 5.3(c) places the burden of proof on the moving party as to why a motion to seal or otherwise restrict public access should be granted. Specifically, Local Rule 5.3(c)(2) requires a showing of:

(a)   the nature of the materials or proceedings at issue;

(b)   the legitimate private or public interest which warrants the relief sought;

(c)   the clearly defined and serious injury that would result if the relief sought is not granted; and

(d)   why a less restrictive alternative to the relief sought is not available.

Generally, the information contained in the Confidential Document that is the subject of this Motion relates to Mylan's commercially sensitive and proprietary non-public business and financial information. Specifically, the Confidential Document reveals and/or reflects Mylan's business strategy and financial information. Mylan's proprietary business and financial information is presently confidential and unavailable to the public. Disclosure of the Confidential Document to the public would result in substantial competitive harm to Mylan.

### II.  Mylan Meets the Requirement of Rule 5.3(c)(2)(b) By Showing That There Are Legitimate Interests that Warrant Sealing

Courts have recognized that the public right of access to judicial proceedings and records is not absolute and may be rebutted. Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 662 (3d Cir. 1991). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Littlejohn v. BIC Corp., 851 F.2d 673, 678 (3d Cir. 1988) (quoting Nixon v. Warner Communications Inc., 435 U.S. 589, 598 (1978)). Courts may deny access to and seal a document when it encompasses business information that might harm a litigant's competitive standing. See id. (citation omitted).

The District Court of New Jersey has held that the inclusion of trade secrets and other confidential information in documents warrant the sealing of such documents. "A well-settled exception to the right of access is the protection of a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm." In re Gabapentin Patent Litig., 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (citation omitted). "The presence of trade secrets or other confidential information weighs against public access and, accordingly, documents containing such information may be protected from disclosure." Id. (citations omitted). Moreover, commercially sensitive information from which a litigant's

market competitiveness may be harmed is often sealed from public access. See id. at 667 n.7; 21 C.F.R § 314.430(b)-(d) (Information regarding a party's ANDA constitutes confidential commercial information).

The private interests at stake in this action warrant the relief sought. Here, plaintiff and defendants—private parties—are in a dispute relating to patents and a generic drug product. The sealing of the identified document requested herein serves to protect the private proprietary business interests of Mylan, which by virtue of its designation of this information under the terms of the DCO in this case, have represented that publicly disclosing the subject confidential information may pose a substantial risk of harm to its legitimate business interests and competitive position.

### III. Mylan Meets The Requirement of Rule 5.3(c)(2)(c) By Showing That Serious Injury That Would Result If The Confidential Document Is Not Placed Under Seal

This Court has discretion to balance the factors for and against access to court documents. See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 781 (3d Cir. 1994). Protection of a party's interest in confidential commercial information, such as a trade secret, is a sufficient threat of irreparable harm, and is clearly defined as a serious injury. See Publicker, 733 F.2d at 1071.

If relief is not granted, Mylan's highly sensitive and confidential business and financial information will be compromised, exposing Mylan to substantial financial risks. Unless the Confidential Document is filed under seal, competitors and others will have access to important confidential and/or proprietary business and financial information of Mylan that ordinarily would not be available to the public, let alone to its competitors in this highly competitive industry.

Competitors and others in the marketplace might exploit such information to their advantage and benefit, and to Mylan unfair detriment.

### IV. Mylan Meets The Requirement of Rule 5.3(c)(2)(d) By Showing That No Less Restrictive Alternative Is Available

Once confidential information is disclosed to the public, it can never again be sealed or maintained as private. No less restrictive alternative is available because Mylan's request is tailored to only the specific confidential information contained in Mylan's September 7, 2010 letter to the Court, the release of which would pose a financial and competitive risk to Mylan. Accordingly, the only way to protect Mylan's confidential interests is to seal the specific information contained in the Confidential Document identified herein.

### CONCLUSION

For the foregoing reasons, Mylan respectfully requests that the Court grant its motion in its entirety.

>Respectfully submitted,
>
>SAIBER LLC
>Attorneys for Defendant
>Mylan Pharmaceuticals Inc.
>
>/s/ Arnold B. Calmann
>Arnold B. Calmann (abc@saiber.com)
>Jeffrey Soos (js@saiber.com)
>Katherine A. Escanlar (kae@saiber.com)
>One Gateway Center, 10th Floor
>Newark, New Jersey 07102-5311
>(973) 622-3333 (telephone)
>(973) 622-3349 (facsimile)
>
>Thomas J. Parker
>(thomas.parker@alston.com)
>Victoria E. Spataro
>(victoria.spataro@alston.com)
>ALSTON & BIRD, LLP

{00628591.DOC}

                    90 Park Avenue  
                    New York, NY 10016-1387  
                    (212) 210-9400 (telephone)  
                    (212) 210-9444 (facsimile)

Dated: September 9, 2010