# FINNEGAN

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

M. ANDREW HOLTMAN
202.408.4131
andy.holtman@finnegan.com

September 21, 2010

The Honorable Dennis M. Cavanaugh, U.S.D.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
Room PO-09
50 Walnut Street Room
Newark, NJ  07101

      Re: *Eli Lilly and Company v. Actavis et al.*, Civil Action No. 07-3770 (DMC)(MF)

Dear Judge Cavanaugh,

      We represent Plaintiff, Eli Lilly and Company ("Lilly"), in the above-captioned matter. Today, Lilly filed a Motion for Enforcement of Consent Judgment Against Zydus Pharmaceuticals USA, Inc. ("Zydus") (D.I. 724), seeking an order confirming that (1) the December 12, 2007, Consent Judgment and Order (D.I. 105) continues to bind Zydus at least through final resolution of Lilly's appeal from this Court's August 24, 2010, Final Judgment, and (2) Zydus is also bound by the injunction entered by the Court on August 18, 2010 (D.I. 674), which became effective upon entry of Final Judgment and has now been extended by order of the Court of Appeals for the Federal Circuit through the duration of Lilly's appeal.

      Lilly's motion was prompted by Zydus's refusal to confirm to Lilly that it will obey the existing injunctions.  On September 20, 2010, Lilly learned that Zydus had secured from the United States Food and Drug Administration ("FDA") final approval of its Abbreviated New Drug Application for generic atomoxetine hydrochloride.  Zydus's refusal to respond to Lilly's requests for confirmation that it will obey the existing injunctions, while simultaneously persisting and succeeding in its effort to obtain final approval from the FDA, suggests that Zydus views itself as not bound by any injunction and entitled to enter the market notwithstanding the orders from this Court and the Federal Circuit intended to preserve the status quo.

      Resolution of Lilly's motion to confirm that Zydus continues to be enjoined is particularly urgent, as any launch by Zydus of its generic atomoxetine hydrochloride products would grossly prejudice Lilly for all of the reasons that this Court and the Federal Circuit issued injunctions in the first place, and would moreover upset the status quo that these two courts have ordered be preserved while Lilly appeals this Court's Final Judgment.  Accordingly, Lilly respectfully requests the Court expedite consideration of Lilly's motion.

Respectfully yours,

s/ M. Andrew Holtman

M. Andrew Holtman

cc: All Counsel of Record

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP