CONFIDENTIAL SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>ACTAVIS ELIZABETH LLC,<br>GLENMARK PHARMACEUTICALS INC.,<br>USA, SUN PHARMACEUTICAL<br>INDUSTRIES LIMITED, SANDOZ INC.,<br>MYLAN PHARMACEUTICALS INC.,<br>APOTEX INC., AUROBINDO PHARMA LTD.,<br>TEVA PHARMACEUTICALS USA, INC.,<br>SYNTHON LABORATORIES, INC.,<br>ZYDUS PHARMACEUTICALS USA, INC.,<br><br>                Defendants. | Civil Action No. 07-3770 (DMC)(MF)<br><br>Redacted - Public Version |

**DECLARATION OF TONY MAURO IN SUPPORT OF MYLAN'S MOTION TO RECONSIDER ORDER REQUIRING PLAINTIFF ELI LILLY AND COMPANY TO POST SECURITY IN THE AMOUNT OF $10 MILLION**

I, Tony Mauro, declare as follows:

1. I am the President of Mylan Pharmaceuticals Inc. ("MPI"). My responsibilities include overseeing all activities that occur at MPI, including overseeing the development and regulatory approval of atomoxetine hydrochloride (atomoxetine) capsules that are the subject of [REDACTED]

2. I make this Declaration in support of MPI's Motion to Reconsider Order Requiring Plaintiff Eli Lilly and Company's ("Lilly") To Post Security In The Amount Of $10 Million. I have personal knowledge of the facts and circumstances discussed in this declaration, including those relating to the organization and operation of MPI.

**CONFIDENTIAL SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER**

3. In my original Declaration in support of MPI's Opposition to Lilly's Motion for (1) Deferral of Entry of Judgment or for an Order to Show Cause With Temporary Restraints and (2) Temporary Injunction, I explained how a preliminary injunction delaying MPI's entry of atomoxetine capsules into the consumer market would substantially harm MPI and cause substantial harm to consumers.

4. I understand that on August 18, 2010, the Court rejected Lilly's application for a temporary injunction during the pendency of its anticipated appeal, but enjoined MPI and the other defendants from launching a generic version of Strattera© in the U.S. for fourteen days from the date of entry of final judgment in this matter, permitting Lilly an opportunity to seek injunctive relief from the Federal Circuit. I further understand that the Court ordered Lilly to post security in the form of a bond or corporate undertaking in the amount of $10 million.

5. As mentioned in my prior Declaration, 

6. At the time the Court issued its Opinion in this matter invalidating the relevant patent,  However, a $10 million dollar bond does not adequately compensate MPI for the actual losses MPI will suffer during the initial fourteen day period of

- 3 -

**CONFIDENTIAL SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER**

exclusivity.  Nevertheless, due to the injunction, MPI is unable to launch.  And without adequate security MPI is not afforded any real protection against its losses should it later be determined that MPI was wrongfully enjoined.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Tony Mauro

LEGAL02/32117120v1