UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:07-cv-3770 (DMC) |
| | ) (JAD) |
| ACTAVIS ELIZABETH LLC, GLENMARK | ) |
| PHARMACEUTICALS INC. USA, SUN | ) |
| PHARMACEUTICAL INDUSTRIES LIMITED, | ) |
| SANDOZ INC., MYLAN | ) |
| PHARMACEUTICALS INC., APOTEX INC., | ) |
| AUROBINDO PHARMA LTD., TEVA | ) |
| PHARMACEUTICALS USA, INC., SYNTHON | ) |
| LABORATORIES, INC., ZYDUS | ) |
| PHARMACEUTICALS, USA, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

**ORDER GRANTING MOTION TO SEAL**

**THIS MATTER** having come before the Court upon the motion of Plaintiff Eli Lilly and

Company ("Lilly") pursuant to Local Civil Rule 5.3(c) to seal Lilly's Memorandum of Law in

Support of Eli Lilly and Company's Motion for (1) Deferral of Entry of Judgment or for an

Order to Show Cause with Temporary Restraints and (2) a Temporary Injunction, and the

attached declarations, and the Court having considered the written submissions of the parties,

and the Court having determined that this action involves allegations regarding the disclosure of

confidential and proprietary information, and for other and good cause having been shown:

**FINDINGS OF FACT**

1.      The materials in Lilly's Memorandum of Law in Support of Eli Lilly and Company's

Motion for (1) Deferral of Entry of Judgment or for an Order to Show Cause with

Temporary Restraints and (2) a Temporary Injunction, and the attached declarations, that Lilly seeks to seal contain information designated by Lilly as "CONFIDENTIAL" under the Amended Discovery Confidentiality Order entered in this matter on August 6, 2008.

2.  This is a complex pharmaceutical patent infringement action.  As such, a significant portion of the materials exchanged in discovery, and subsequently filed with the Court in connection with pretrial proceedings, contain proprietary and confidential research, development, and business information of the parties.

3.  By designating their material as "CONFIDENTIAL" under the Amended Discovery Confidentiality Order entered in this matter on August 6, 2008, Lilly represented that the subject information is trade secret or other confidential or proprietary research, development, commercial, or financial information within the meaning of Fed. R. Civ. P. 26(c).

4.  Lilly represented that public disclosure of their confidential information would be detrimental to their business.  Due to the nature of the materials described herein, there is no less restrictive alternative to filing under seal Lilly's Memorandum of Law in Support of Eli Lilly and Company's Motion for (1) Deferral of Entry of Judgment or for an Order to Show Cause with Temporary Restraints and (2) a Temporary Injunction, and the attached declarations.

## CONCLUSIONS OF LAW

5.      Upon consideration of the papers submitted in support of the motion and the materials

that Lilly has designated "CONFIDENTIAL" for which Lilly is required to seek to have

the Court seal, the Court concludes that Lilly has met its burden of proving, under L. Civ.

R. 5.3 and applicable case law, that the materials described above should be filed under

seal.  Specifically, the Court concludes that: (a) the materials contain confidential

information concerning Lilly's business; (b) Lilly has a legitimate interest in maintaining

the confidentiality of the materials in order to protect its disclosure to potential

competitors who can use the materials and the information contained therein for

commercial purposes; (c) public disclosure of the materials would result in clearly

defined and serious injury, including the use of the materials by competitors to Lilly's

financial detriment; and (d) no less restrictive alternative to sealing the subject documents

is available.

6.      The foregoing conclusions are supported by relevant case law holding that the right of

public access to the court filings is not absolute and may be overcome by a showing such

as made here in the discretion of the trial court.  *See Nixon v. Warner Commc'ns, Inc.*,

435 U.S. 589, 603 (1978).  The Court, upon such a proper showing, may in its discretion

prevent confidential materials from being transmuted into materials presumptively

subject to public access.  *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir.

2004).

**BASED UPON** the foregoing findings of fact and conclusions of law, it is:

**ORDERED** that Lilly's Motion to Seal is hereby GRANTED; and

**IT IS FURTHER ORDERED** that the following material is sealed:

a.      Lilly's Memorandum of Law in Support of Eli Lilly and Company's Motion for (1)

Deferral of Entry of Judgment or for an Order to Show cause with Temporary Restraints and (2)

a Temporary Injunction, pp. 13-19, 21-23; Declaration of Raymond S. Sims ¶¶ 8-12, 14-15, 17,

19, 21-34; and Declaration of Michael Mason ¶¶ 3, 6-11, 13-15, 17-36.

**SO ORDERED** this 22nd day of September, 2010.

_____

Hon. Joseph A. Dickson, U.S.M.J.

cc.     Hon. Dennis M. Cavanaugh, U.S.D.J.

4