**Exhibit 3**

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELI LILLY AND COMPANY,**
*Plaintiff-Appellant,*

v.

**ACTAVIS ELIZABETH LLC,**
*Defendant-Appellee,*

and

**SUN PHARMACEUTICAL INDUSTRIES LIMITED,**
*Defendant-Appellee,*

and

**SANDOZ INC.,**
*Defendant-Appellee,*

and

**MYLAN PHARMACEUTICALS INC.,**
*Defendant-Appellee,*

and

**APOTEX INC.,**
*Defendant-Appellee,*

and

ELI LILLY AND COMPANY v. ACTAVIS  2

## AUROBINDO PHARMA LTD.,
*Defendant-Appellee,*

and

## TEVA PHARMACEUTICALS USA, INC.,
*Defendant-Appellee.*

---

2010-1500

---

Appeal from the United States District Court for the District of New Jersey in case no. 07-CV-3770, Judge Dennis M. Cavanaugh.

---

## ON MOTION

---

PER CURIAM.

### ORDER

Eli Lilly and Company move for an injunction to prevent the defendants-appellees from launching generic versions of its patented drug, pending disposition of its appeal. The defendants-appellees oppose. Aurobindo Pharma Ltd. and Mylan Pharmaceuticals Inc. move for clarification of this court's order expediting the briefing schedule. Sun Pharmaceutical Industries, Ltd. requests judicial notice of various patents and patent applications that it asserts are publicly available.

The United States District Court for the District of New Jersey held that the defendants induced infringement of Eli Lilly's patent and that the patent was invalid for lack of enablement. Eli Lilly seeks an injunction, pending appeal, to prevent the introduction of generic

versions of its patented drug, pending disposition of this appeal.

To obtain a stay or injunction, pending appeal, a movant must establish a strong likelihood of success on the merits, or, failing that, nonetheless demonstrate a substantial case on the merits provided that the harm factors militate in its favor. *Hilton v. Braunskill*, 481 U.S. 770, 778 (1987). In deciding whether to grant a stay, pending appeal, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." *E.I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987); *see also Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511 (Fed. Cir. 1990).

Based on the motions papers submitted, and without prejudicing the ultimate disposition of this appeal by a merits panel, we determine that Eli Lilly has met its burden to obtain an injunction pending appeal.

Concerning the motion to clarify the order expediting the briefing schedule, the movants assert that due to recently filed cross-appeals the briefing schedule must be revised. Additionally, some of the defendants have informed this court that they have filed cross-appeals, seeking review of the district court's infringement determination and review of the district court's rejection of other grounds of invalidity. Because the defendants can make arguments concerning these issues as appellees, their cross-appeals are improper. Thus, we instruct the clerk of this court to dismiss those improperly filed cross-appeals when they are docketed.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for an injunction pending appeal is granted.

ELI LILLY AND COMPANY v. ACTAVIS                                                4

(2)  The request for judicial notice is granted.

(3)  The motion for clarification is denied.

(4)  When the cross-appeals are docketed, they will be dismissed for lack of jurisdiction.

For The Court

<u>AUG 3 1 2010</u>  
Date

/s/ Jan Horbaly  
Jan Horbaly  
Clerk

cc: Robert D. Bajefsky, Esq.  
Gregory D. Miller, Esq.  
Scott B. Feder, Esq.  
Christine J. Siwik, Esq.  
Thomas J. Parker, Esq.  
Keith V. Rockey, Esq.  
James F. Hurst, Esq.  
Steven J. Lee, Esq.

s8

**FILED**  
U.S. COURT OF APPEALS FOR  
THE FEDERAL CIRCUIT

AUG 3 1 2010

**JAN HORBALY**  
**CLERK**