UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY,            ) | |
|                                         ) | |
|                  Plaintiff,        ) | Civil Action No. 07-3770 (DMC)(JAD) |

ELI LILLY AND COMPANY,

        Plaintiff,

        v.

ACTAVIS ELIZABETH LLC, GLENMARK PHARMACEUTICALS INC., USA, SUN PHARMACEUTICAL INDUSTRIES LIMITED, SANDOZ INC., MYLAN PHARMACEUTICALS INC., APOTEX INC., AUROBINDO PHARMA LTD., TEVA PHARMACEUTICALS USA, INC., SYNTHON LABORATORIES, INC., ZYDUS PHARMACEUTICALS, USA, INC.,

        Defendants.

Civil Action No. 07-3770 (DMC)(JAD)

**FINAL JUDGMENT**

      **THIS MATTER** having been remanded to this Court by the United States Court of Appeals for the Federal Circuit, the Court holds that the claims of Eli Lilly and Company's ("Lilly's") United States Patent No. 5,658,590 ("the '590 patent") are neither invalid nor unenforceable.  The Court further finds that Sun Pharmaceutical Industries Limited, Sandoz, Inc., Mylan Pharmaceuticals, Inc., Apotex Inc., Aurobindo Pharma Ltd., Actavis Elizabeth LLC, and Teva Pharmaceuticals USA, Inc. (collectively, "Defendants") have infringed and threaten in the future to infringe claims 1-16 of the '590 patent.  Accordingly:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**

1. Final Judgment is entered in favor of Lilly and against Defendants on all pending issues, *i.e.*, the issues raised in Lilly's First Amended Complaint and Defendants' Answers and Counterclaims.

2. Pursuant to 35 U.S.C. § 271(e)(4)(A) and 21 U.S.C. § 355a(b)(1)(B), which provides Lilly with a period of pediatric exclusivity with respect to its atomoxetine products running for six months after the date of expiration of the '590 patent, the effective date of any approval of the atomoxetine products that are the subject of Defendants' Abbreviated New Drug Application (ANDA) Nos. 78-940, 78-983, 79-016, 79-018, 79-020, 79-021, and 79-022 SHALL NOT occur until after May 26, 2017, and to the extent any of those ANDAs have received final approval, the United States Food and Drug Administration SHALL reset the effective date of approval of those ANDAs to a date after May 26, 2017;

3. Pursuant to 35 U.S.C. § 283 and 35 U.S.C. § 271(e)(4)(B), Defendants and their officers, agents, servants, employees, privies, and others acting for, on behalf of, or in concert with any of them are PERMANENTLY ENJOINED from the commercial manufacture, use, offer to sell, or sale within the United States of the atomoxetine products that are the subject of their ANDAs or any atomoxetine product not colorably different therefrom during the term of the '590 patent, including any extensions (including under 35 U.S.C. § 156 and including periods of regulatory exclusivity associated with the patent, such as pediatric exclusivity under 21 U.S.C. § 355a). This PERMANENT INJUNCTION ORDER is effective immediately upon the entry of this ruling on the Court's docket;

4. Pursuant to Fed. R. Civ. P. 54(d)(1) and L. Civ. R. 54.1, Defendants shall pay Lilly its costs.

      5.      The Court retains jurisdiction over Lilly and Defendants for purposes of enforcing this Final Judgment; and

      6.      The Clerk of the Court is directed to enter this Final Judgment forthwith.

IT IS SO ORDERED.

DATE:_____                         _____
                                                          DENNIS M. CAVANAUGH
                                                          UNITED STATES DISTRICT JUDGE

    5.    The Court retains jurisdiction over Lilly and Defendants for purposes of enforcing this Final Judgment; and

    6.    The Clerk of the Court is directed to enter this Final Judgment forthwith.

IT IS SO ORDERED.

DATE:_____                _____
                                              DENNIS M. CAVANAUGH
                                              UNITED STATES DISTRICT JUDGE