# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI LILLY AND COMPANY, | Honorable Dennis M. Cavanaugh, U.S.D.J. |
| Plaintiff, | Civil Action No. 07 CV 3770 (DMC) (MF) |
| v. | |
| ACTAVIS ELIZABETH LLC, GLENMARK PHARMACEUTICALS INC., USA, SUN PHARMACEUTICAL INDUSTRIES LTD., SANDOZ INC., MYLAN PHARMACEUTICALS INC., APOTEX INC., AUROBINDO PHARMA LTD., TEVA PHARMACEUTICALS USA, INC., SYNTHON LABORATORIES, INC., ZYDUS PHARMACEUTICALS, USA, INC., | |
| Defendants. | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF ELI LILLY AND COMPANY'S BILL OF COSTS

OF COUNSEL:
James F. Hurst
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601

Gail J. Standish
Peter E. Perkowski
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA  90071

Jovial Wong
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006

WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza, Suite 730
Newark, NJ 07102
(973) 848-7676
James S. Richter
Melissa Steedle Bogad

*Attorneys for Defendant Sun Pharmaceutical Industries, Ltd.*

***ADDITIONAL COUNSEL ON FOLLOWING PAGE***

| | |
|---|---|
| OF COUNSEL: | HILL WALLACK LLP |
| Keith V. Rockey | 202 Carnegie Center |
| Kathleen A. Lyons | Princeton, NJ 08540 |
| Joseph A. Fuchs | Eric I. Abraham |
| Avani Macaluso | |
| ROCKEY, DEPKE, & LYONS, LLC | |
| Sears Tower, Suite 5450 | |
| 233 South Wacker Drive | |
| Chicago, IL 60606 | *Attorneys for Defendant Sandoz Inc.* |
| | |
| OF COUNSEL: | SAIBER LLC |
| Thomas Parker | One Gateway Center, 10th Floor |
| Victoria Spataro | Newark, NJ 07102 |
| ALSTON & BIRD | Arnold B. Calmann |
| 90 Park Avenue | Jeffrey Soos |
| New York, NY 10016-1387 | Katherine A. Escanlar |
| | |
| | *Attorneys for Defendant Mylan Pharmaceuticals Inc.* |
| | |
| OF COUNSEL: | LOCKE LORD LLP |
| Scott B. Feder | Three World Financial Center |
| Keith D. Parr | New York, NY 10281 |
| Kevin M. Nelson | Alan B. Clement |
| David B. Abramowitz | Joseph N. Froehlich |
| Myoka Kim Goodin | Andrea Wayda |
| LOCKE LORD LLP | |
| 111 S. Wacker Drive | |
| Chicago, IL 60606 | *Attorneys for Defendant Apotex Inc.* |
| | |
| OF COUNSEL: | CARELLA, BYRNE, CECCHI, OLSTEIN, |
| Christine J. Siwik | BRODY & AGNELLO, P.C. |
| William A. Rakoczy | 5 Becker Farm Road |
| Paul J. Molino | Roseland, NJ 07068 |
| RAKOCZY MOLINO MAZZOCHI SIWIK LLP | James E. Cecchi |
| 6 W. Hubbard Street, Suite 500 | Melissa E. Flax |
| Chicago, IL 60654 | *Attorneys for Defendant Aurobindo Pharma Ltd.* |

**OBJECTIONS TO PLAINTIFF ELI LILLY AND COMPANY'S BILL OF COSTS**

Under L. Civ. R. 54.1(f), Defendants Sun Pharmaceutical Industries Ltd., Sandoz Inc., Mylan Pharmaceuticals Inc., Aurobindo Pharma Ltd., and Apotex Inc. ("Defendants") object to the Bill of Costs filed by Plaintiff Eli Lilly ("Lilly"), on the grounds that certain of the costs claimed are not properly recoverable under the relevant statutes and rules.

A.  RELEVANT LAW AND RULES

Federal Rule of Civil Procedure 54(d) provides that the clerk of the court may tax certain costs to a prevailing party. The Rule, however, does not give the clerk "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur . . . . Items proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964), *overruled in part on other grounds by Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). Recoverable costs are limited to those listed in federal statutes. *Crawford Fitting*, 482 U.S. at 445; *B.K. v. Toms River Bd. of Educ.*, 998 F. Supp. 462, 476-77 (D.N.J. 1998) (costs not set out in § 1920 or in statute under which suit is filed are not recoverable). In general terms, they include fees of the clerk and marshals; fees for transcripts necessarily obtained; fees for copies of papers necessarily obtained; docket fees; and certain fees and disbursements for printing and witnesses. 28 U.S.C. §§ 1920-1923. Reimbursement of these costs is further governed by L. Civ. R. 54.1.

Certain costs claimed by Eli Lilly are not permitted under these authorities and thus must be denied or reduced.

B. **FEES OF THE CLERK**

Eli Lilly's first item of cost is $1,400.00 paid to the Clerk of Court. The item includes the pro hac vice admission of seven attorneys[1] at the cost of $150.00 per attorney (for a total of $1,050.00). While fees of the clerk may be taxed under 28 U.S.C. § 1920(1), expenses related to pro hac vice fees are not recoverable. Rather, such fees are statutorily limited to filing fees and "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914; *see also Eagle Ins. Co. v. Johnson*, 982 F. Supp. 1456, 1459-60 (M.D. Ala. 1997), *aff'd* 162 F.3d 98 (11th Cir. 1998) (unpublished). Pro hac vice fees are not among those prescribed by the Judicial Conference. *Id*. at 1459. Rather, they are "a creature of the courts" and "not . . . authorized by any statute." *Id*. at 1460 n.2.

Indeed, courts across the nation—including in this district—overwhelmingly hold that pro hac vice fees are not recoverable as costs under Rule 54(d). *See Dewey v. Volkswagen*, 728 F. Supp. 2d 546, 613 (D.N.J. 2010) (expenses related to pro hac vice fees and for travel, food, and lodging of out-of-state counsel "are all precluded"); *Pretlow v. Cumberland County Bd. of Soc. Servs.*, 2005 U.S. Dist. LEXIS 35547 (D.N.J. Dec. 20, 2005) (denying request for reimbursement for pro hac vice fees); *Air Turbine Tech., Inc. v. Atlas Copco AB*, No. 01-8288-CIV, 2008 WL 544731, at *3 (S.D. Fla. Feb. 26, 2008) ("The Court will not award costs associated with having out-of-state counsel admitted pro hac vice. Defendants chose to retain out-of-state counsel when able and competent local counsel was available to defend the case."); *Halliburton Co. v. Ward*, Civ. A. No. 06-45-C, 2007 WL 2702214, at *2 (W.D. Ky. Sept. 12, 2007) (surveying cases and agreeing that a "pro-hac-vice fee. . . is not taxable as costs"). Since the pro hac vice fees are not taxable costs under the governing statutes, Lilly's request to tax

---

[1] Jennifer S. Swan, L. Scott Burwell, Charles E. Lipsey, Krista E. Bianco, M. Andrew Holtman, and Robert D. Bajefsky

2

$1,050.00 for these fees must be denied.  Therefore, the $1,400.00 requested for Fees of the Clerk should be reduced to $350.00 for filing the complaint.

### C. FEES FOR TRANSCRIPTS

#### 1. Court Reporter Transcripts

Lilly next seeks reimbursement of its costs for both written transcripts of the court proceedings, at a cost of $2,862.00, and Realtime transcripts of the same proceedings, at an additional cost of $967.20.  Lilly should not recover costs for Realtime transcripts.  These were not necessary for use in the case, nor were they necessary for the record on appeal.  *Cf. Par Pharm. Resources v. Roxane Labs.*, 2008 U.S. Dist. LEXIS 58869 (D.N.J. July 25, 2008) ("In the event that video transcripts are necessary, either video or stenographic transcripts, **not both**, should be taxed unless both formats are individually necessary for use in the case.") (emphasis added).

Some courts have allowed recovery for daily transcripts when such transcripts "were essential to the smooth functioning of the trial," and not obtained merely for counsel's convenience.  *Thabault v. Chait*, Civ. A. No. 85-2441, 2009 WL 69332, at *5 (D.N.J. Jan. 7, 2009).  But that is not the case here with Realtime transcripts, which cannot be said to be "essential" given that attorneys have conducted trials without them for decades.  Realtime transcripts were not individually necessary for use at trial, were not necessary for the record on appeal, and were not "essential" given the alternative of obtaining written transcripts at a "regular" rate.  *See Mon Cheri Bridals, Inc. v. Wen Wu*, No. 04-1739 (AET), 2008 U.S. Dist. LEXIS 79954, at *23 (D.N.J. Oct. 7, 2008).  Because Realtime transcripts were merely for counsel's convenience, they should not be taxed.

## 2. Deposition Transcripts

### i. Transcript costs are over-inclusive as to witnesses

Lilly proposes to tax $54,360.44 for fees incurred in taking and transcribing witness depositions. The claimed amount includes costs for twenty one witnesses. For the following three reasons, costs for sixteen of these witnesses (in whole or in part) should be deducted from the total to be taxed.

*First*, five of the witnesses whose deposition costs Lilly included are Teva and Actavis witnesses: Philip Erickson, Janak Jadeja, Elizabeth Stewart, Jennifer King, and Terrence Fullem. Teva and Actavis settled with Lilly early in the case, long before trial, with stipulations to stay their actions that provided for each party to bear their own costs. (*See* D.I. 557 and D.I. 567.) These costs therefore should not be taxed against Mylan, Sun, Apotex, Sandoz, and Aurobindo. Thus, $11,102.09 for these five witnesses should be deducted from the total.

*Second*, Lilly includes costs for deposition of two witnesses who were neither listed on witness lists nor called at trial: Stephen Hinshaw and Atul Shukla. Under L. Civ. R. 54.1(g)(7), only fees for deposition transcripts *actually used at trial* pursuant to Rule 32 may be taxed. Rule 32 encompasses all lawful uses of pretrial depositions in judicial proceedings at any stage of litigation, including the trial itself or a pretrial motion hearing. *See* Fed. R. Civ. P. 32. But Rule 32 does not encompass depositions for witnesses who are neither listed on witness lists nor called at trial. While Rule 32 does not limit the Court's authority under 28 U.S.C. § 1920 to award costs for deposition transcripts necessarily obtained for use in the case, *In re Baby Food*, 166 F.3d 112, 143 (3rd Cir. 1999), Lilly has not shown that the transcripts for these witnesses were necessary for use in the case. In fact, the transcripts of these two witnesses were not used at trial or at a pretrial motion hearing, and Lilly does not claim otherwise. Thus, the $8,399.90 in costs associated with these witness depositions should also be deducted from the total.

4

***Third***, for similar reasons, transcript costs for nine additional witnesses must be deducted because Lilly has justified their inclusion merely by stating that they were "designated for inclusion in the trial record." Transcript costs are not taxable merely because portions were designated for inclusion in the trial record. Lilly must demonstrate that each transcript was "used at the trial," or cited and relied on in a pretrial motion or brief. *See* L. Civ. R. 54.1(g)(7), comment 4e. Here, Lilly has failed to provide any detail that would justify its request to tax the costs associated with these transcripts. (The same is true of the five Teva and Actavis witnesses objected to above, providing additional grounds to deduct those costs from the total.) Thus, a total of $17,922.90—or $29,024.99 if the Teva and Actavis witnesses are included here but not separately excluded above—should be deducted from the costs.[2]

### ii.  Transcript costs are over-inclusive as to services

Separate from the above objections, Defendants also object to Lilly's inclusion of costs for services incurred merely for the convenience of counsel—such as expedited and rough transcripts, realtime transcription services, and media packages. Costs for services that are unnecessary and for the convenience of counsel should be deducted. *See Janssen Pharm. N.V. v. Mylan Pharms., Inc.*, No. 03-6220, slip op. at 17-19 (D.N.J. Mar. 23, 2007) (stating that "[e]xpedited transcripts are considered 'necessary' only if an impending deadline for such a motion necessitates such expedition" and denying costs for expedited transcripts where there was no impending deadline). These "extra" services are not taxable, and either video or stenographic transcripts—not both—should be taxed unless both formats are individually necessary in the case. *See id.*

---

[2] The nine witnesses are: Thomas Spencer ($836.13), Corinne Hogan ($1,575.65), Kalpana Rao Vanam ($2,459.00), Ellen Gettenberg ($2,867.50), P.V. Ramprasad Reddy ($1,965.75), Kevin Shanley ($3,308.00), David Wargo ($1,358.00), Dr. Abhay Muthal ($2,592.50), and Joseph Biederman ($960.37).

5

Lilly's deposition transcript invoices include charges for "realtime" and "expedited" services as well as "rough ascii," "word index," " DVD sync" and other similarly non-taxable services. (*See generally* Lilly Ex. 4.) For example, invoice # 20091467EU (D.I. 749-6 at 2: invoice for Craig Berridge, PhD) includes charges for expedited service at an additional rate of $3.25 per page (amounting to $958.75 for 295 pages) and a realtime service charge of $590.00. The extraneous charges for Berridge amount to $1,548.75 over the actual cost for transcripts. Similarly, invoice #102308-60676 (D.I. 749-6 at 9: invoice for Terrence Fullem) includes charges for 2-day delivery at $2.75 per page (amounting to $849.75 for 309 pages), interactive real-time at $1.50 per page (totaling $463.50), rough ascii at $1.50 a page (totaling $463.50) and compressed/ascii/word index for $25.00. These additional charges amount to $1,801.75 over the actual cost of transcripts. Similar charges were incurred for the other depositions. These additional services merely for the convenience of counsel should not be included in the costs taxed against the Defendants. Therefore, costs should be deducted from Lilly's total as follows:

| | |
|---|---|
| Berridge (deductions for expedited and realtime) | $1,548.75 |
| Johnson (deductions for expedited and rough ascii) | $1,368.00 |
| Spencer (deductions for rough and condensed/media) | $246.25 |
| Fullem (deductions for 2-day, realtime, rough, and compressed) | $1,801.75 |
| King (deductions for 2 day, realtime, DVD) | $1,337.40 |
| Stewart (deductions for 2-day, realtime) | $604.20 |
| Jadeja (deductions for 2-day, realtime, rough, and compressed) | $1,353.25 |
| Erickson (deductions for 2 day, rough ascii) | $644.80 |
| Rao Vanam (deductions for 2-day, realtime) | $912.00 |
| Gettenberg (deductions for expedited, rough ascii, realtime) | $1,391.00 |
| Reddy (deductions for realtime, TotalTranscript, word index) | $510.20 |
| Shanley (deductions for expedited, rough ascii) | $1,339.50 |
| Wargo (deductions for expedited, video, DVD sync) | $1,647.00 |
| Muthal (deductions for 2-day, ascii, condensed) | $1,176.00 |
| Biederman (deductions for rough, condensed, ascii) | $295.00 |
| Goolkasian (deductions for realtime hookups/tokens) | $1,352.00 |

| | |
|---|---|
| Sallee (deduction for realtime) | $668.00 |
| Staller (deductions for expedited, realtime) | $1,517.25 |
| Hinshaw (deductions for 2-day, realtime) | $1,983.60 |
| Shukla (deductions for expedited, realtime, rough ascii) | $2,099.50 |

Deduction from total:   $23,795.45[3]

The $23,795.45 total includes deposition transcript charges for all twenty-one witnesses listed in Lilly's bill of costs. Only five of these witnesses are not generally objected to by Defendants in section C.2.i. above.[4] Excessive charges for those five witnesses, not otherwise objected to, amount to $6,454.00.

**D.  FEES FOR WITNESSES**

Defendants also object to Lilly's inclusion of certain costs associated with witness Dr. Steven Pliszka. L. Civ. R. 54.1(g)(1) permits recovery for witness fees and expenses for "actual and proper attendance" only. Lilly's cost bill includes allowance for six days of attendance at trial, with hotel accommodations for seven nights. But Dr. Pliszka testified on ***only two days of trial***. Though Dr. Pliszka may have observed trial on days he did not testify, observation is not "actual and proper attendance." In short, Lilly cannot rightly tax Defendants for Dr. Pliszka's sitting in the courtroom, and Lilly provides no authority to the contrary.

Therefore, the applicable cost for Dr. Pliszka's two days of testimony is $470.00—$80.00 for attendance (two days at $40.00 a day), and $390.00 for hotel accommodations (three days at $130.00 a day). Thus, $680.00 should be deducted from the total to be taxed.

---

[3] Lilly did not provide a detailed invoice for Corinne Hogan so appropriate deductions for her deposition transcript charges could not be assessed.

[4] Craig Berridge, John Goolkasian, James Johnson, Floyd Sallee, and Jud Staller.

### E. FEES FOR COPIES

#### 1. Certified documents

Lilly seeks $311.70 for a certified copy of the patent, No. 5,658,590, and a certified copy of the assignment for this patent. The authenticity of the patent and assignment were not contested in this matter. Furthermore, there has been no showing that certified copies of the patent and assignment were required or necessary. Therefore, the cost of certified documents should be deducted in its entirety.

#### 2. Photocopies

Lilly next seeks $24,820.96 for photocopying costs incurred from an outside vendor. But Lilly does not sufficiently justify these costs. L. Civ. R. 54.1(g)(9) provides that copying costs are taxable when (a) documents are admitted into evidence or are necessarily attached to a document required to be filed and served in support of a dispositive motion, and (b) they are in lieu of originals that are not introduced at the request of opposing counsel. The moving party has the burden to establish that these prerequisites are met. *See Church & Dwight Co. v. Abbott Labs.*, 2009 U.S. Dist. LEXIS 58067 (D.N.J. July 8, 2009) (denying costs because applicant failed to explain how each of the submitted photocopies were used in the litigation). Because Lilly has submitted no evidence to sustain this burden, the copying expenses must be denied in their entirety.[5] *Id.*

Lilly attempts to justify its request for these costs by stating that they were for the preparation of witness binders. This is insufficient justification to bill these costs to Defendants under L. Civ. R. 54.1(g)(9). Because Lilly has offered no further explanation or justification than that the photocopies were made for "inclusion in witness binders," Lilly has not shown that

---

[5] Additionally, the rate per page for copies is often excessive. *See Interfaith Community Org. v. Honeywell Int'l*, 426 F.3d 694, 700 (3d Cir. 2005) (25 cents per page was "excessive").

8

the photocopies were necessary under the local rule. These costs therefore must be deducted entirely.

### 3. Demonstratives, Visual Aids and On-site Support

Finally, Lilly seeks to bill an astounding $247,716.25 for visual aids and on-site support in this case. Both the costs for visual aids and those for on-site support must be reduced.

First, not all of the demonstratives and visual aids were used or admitted at trial. L. Civ. R 54.1(g)(10) permits the taxation of costs for visual aids when such aids are admitted into evidence. According to Lilly, "[a] number of demonstratives were admitted into evidence … and three demonstratives were admitted as affirmative evidence." (*See* D.I. 749-1 at 10 n.7.) Yet Lilly seeks **all** of its costs for design and display of demonstratives and visual aids. Furthermore, Lilly is mistaken about the number of demonstratives admitted into evidence. ***Only three pages from one of Lilly's demonstrative exhibits were admitted into evidence as affirmative evidence***, while the rest of the pages from that single demonstrative exhibit were "***offered as demonstrative evidence only***." (D.I. 652 at 1-2 (showing that pages LDX 4.12, 4.13, and 4.14 were admitted into evidence, while pages LDX 4.1-4.11 and 4.15-4.20 were "offered as demonstrative evidence only (LDX 4.1-4.20 is a set of the slides used with Lilly's sole trial witness, Dr. Plizka)).) And Lilly has provided no information about which costs are associated with the three pages of visual aids that were admitted versus those that were not. Because of this failure to meet its burden of establishing the prerequisites for recovery of these costs, the entire amount for design of visual aids and demonstratives—$31,303.75—should be deducted from the total.

Courts have, on occasion, relaxed L. Civ. R. 54.1(g)(10) to tax costs for visual aids and demonstratives even where not all of them were admitted into evidence. But such leniency is usually applied in cases of particularly protracted and complex litigation. *See Thabault*, 2009 WL 69332, at *1, *15 (finding that in a protracted and complex 20-year litigation culminating in

9

a ***nine-week*** jury trial, costs amounting to $41,891.64 could be taxed for visual aids and demonstratives even though some were not entered into evidence). That is not the case here.

Second, Lilly seeks costs for ***five*** on-site trial technicians and their equipment—all told, a whopping $216,412.50 for "on site support." This is clearly excessive, particularly for a six-day bench trial. *Compare Ricoh v. Pitney Bowes*, Civ. A. No. 02-5639, 2007 WL 1852553 (D.N.J. June 26, 2007) (claimed cost for "trial support technician" and visual aids for a **month-long** jury trial was only $91,684.83). Here, for a ***six-day*** bench trial, Lilly is asking for over ***two-and-a-half times*** the amount permitted in *Ricoh*, which involved a trial that lasted a month. That is nearly three times the costs for less than one third the length of trial. Lilly's request is untenable and should be rejected. The court should deduct "on-site support" hours for four of the five Resonant individuals included in the bill of costs—everyone except Noel Baird.[6] This results in a deduction of $164,817.00.

F. **CONCLUSION**

Lily has failed in numerous respects to satisfy its burden under L. Civ. R. 54.1 to demonstrate that it is entitled to the costs sought. Thus, for all of the foregoing reasons, the Clerk should award costs in an amount not to exceed $65,151.54 as follows:

| CATEGORY | LILLY'S TOTAL | LESS DEDUCTIONS | TOTAL |
|---|---|---|---|
| Fees of the Clerk | $1,400.00 | $1,050.00 | **$350.00** |
| Fees for printed or electronically recorded transcripts | $58,199.64 | $47,718.09 | **$10,481.55** |
| Fees for witnesses | $1,150.00 | $680.00 | **$470.00** |
| Fees for exemplification and the costs of making copies | $275,103.40 | $221,253.41 | **$53,849.99** |
| **GRAND TOTAL** | $335,853.04 | $270,701.50 | **$65,151.54** |

---

[6] Costs should be deducted for Geoff Roberts, Ryan Dodd, Luis Figuera, and Dave Johnson.

                          WINSTON & STRAWN LLP
                          Attorneys for Defendant
                          Sun Pharmaceutical Industries Ltd.

                          By:    s/ Melissa Steedle Bogad
                                James Richter
                                jrichter@winston.com
                                Melissa Steedle Bogad
                                mbogad@winston.com

Dated: February 23, 2012

**OF COUNSEL:**

James F. Hurst
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601

Gail J. Standish
Peter E. Perkowski
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA  90071

Jovial Wong
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006

                          HILL WALLACK LLP
                          Attorneys for Defendant
                          Sandoz Inc.

                          By:    s/ Eric I. Abraham
                                Eric I. Abraham
                                eia@hillwallack.com

**OF COUNSEL:**
Keith V. Rockey
Kathleen A. Lyons
Joseph A. Fuchs
ROCKEY, DEPKE, & LYONS, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, IL 60606

                    SAIBER LLC
                    Attorneys for Defendant
                    Mylan Pharmaceuticals Inc.

                    By: s/ Arnold B. Calmann
                          Arnold B. Calmann
                          abc@saiber.com

**OF COUNSEL:**
Thomas Parker
Victoria Spataro
ALSTON & BIRD
90 Park Avenue
New York, NY 10016-1387

                    LOCKE LORD LLP
                    Attorneys for Defendant
                    Apotex Inc.

                    By: s/ Alan B. Clement
                          Alan B. Clement
                          aclement@lockelord.com
                          Joseph N. Froehlich
                          jfroehlich@lockelord.com
                          David G. Greene
                          dgreene@lockelord.com
                          Andrea Wayda
                          awayda@lockelord.com

**OF COUNSEL:**
Scott B. Feder
Keith D. Parr
Kevin M. Nelson
David B. Abramowitz
Myoka Kim Goodin
LOCKE LORD LLP
111 S. Wacker Drive
Chicago, IL 60606

                    CARELLA, BYRNE, CECCHI, OLSTEIN,
                    BRODY & AGNELLO, P.C.
                    Attorneys for Defendant
                    Aurobindo Pharma Ltd.

                    By: s/ Melissa E. Flax
                          Melissa E. Flax
                          mflax@carellabyrne.com

**OF COUNSEL:**
Christine J. Siwik
William A. Rakoczy
Paul J. Molino
RAKOCZY MOLINO MAZZOCHI SIWIK LLP
6 W. Hubbard Street, Suite 500
Chicago, IL 60654